MICHEL KNIGHT *v.* NEW ORLEANS, OPELOUSAS & GREAT WESTERN
RAILROAD COMPANY.

The rights, duties and obligations of the New Orleans, Opelousas & Great Western Railroad Company
are created by express law, and until the Legislature shall by statute require them to enclose their
road, or shall delegate the power to the parochial authorities, and they shall exercise the same, they
will be under no obligation to enclose their road, or any part thereof, with fences or barriers. And
if cattle stray upon the track and be killed or maimed by accident, it will be *damnum absque injuria,*
and the owner will have the loss to bear.

In an action brought to recover the value of cattle killed on a railroad track by the cars, the plaintiff
is as much bound to prove the fact of gross negligence and want of care on the part of the company
or its agents, as he is to prove the fact of the killing.

APPEAL from the District Court of the parish of Terrebonne, *Roman,* J.
*Goode & Aycock,* for plaintiff. *Connelly & Rightor,* for defendant and ap-
pellant.

LAND, J. The plaintiff alleges, that by reason of the gross negligence and
want of care of the agents of the Railroad Company, and especially of the en-
gineers, a great number of his cows and hogs, to the value at least of five hundred
dollars, have been run over and killed upon the railroad by the locomotives and
cars of the company. And that at different times during the years 1856 and
1857, the company's locomotives and cars ran over and killed a horse belonging
to him worth two hundred dollars, and also ran over and killed a mule worth
two hundred and fifty dollars, and maimed and crippled two other mules worth
five hundred dollars, and prays for judgment against the Company, for the sum
of fourteen hundred and fifty dollars, in satisfaction of the damages sustained
by him.

The defendants, in their answer, after a general denial, aver that plaintiff trans-
ferred to them the right of way over his land, with full knowledge of the pur-
poses for which the road was intended to be used; and that plaintiff, with full
knowledge that his animals caused serious injury to the road, and endangered the
rolling stock and other property, and the lives of passengers and employees there-
on, and that his animals were liable to be killed and maimed, has been in the
constant habit of allowing his horses, mules, horned cattle, &c. to trespass on
their road and injure the same. And that, notwithstanding all their care and
vigilance, their locomotives, on two or three occasions, came in collision with
horses and other animals, at and near the plantation of plaintiff, whereby their
cars were thrown from the track, and greatly damaged, and the lives of passen-
gers and employees endangered.

The defendants further aver, that they have suffered damage by the trespass of
plaintiff's animals upon their road, and by collisions with them, in the sum of fif-
teen hundred dollars, for which they pray judgment in reconvention.

These issues were tried by a jury, who found a verdict in favor of the plaintiff,
and which was confirmed by the judgment of the lower court, for the sum of six
hundred and thirty-three dollars, with five per cent. per annum interest from judi-
cial demand.

The case is before us on the appeal of the Railroad Company, and the plaintiff
urges the affirmance of the judgment on the following grounds :·

First. That the defendants were bound to enclose their track with a fence, and

KNIGHT
v.
OPELOUSAS R. R.

that, having failed to do so, they are liable for injuries to cattle, without proof of any other default.

Second. That if the defendants were not bound to fence their track, negligence and want of proper care will be presumed from the fact that cattle were injured, and that the burden of proof of due diligence and care is on the defendants.

Third. That if the burden of proof to show negligence is on the plaintiff, the evidence in the record is conclusive.

I. The plaintiff does not contend that the charter of the Railroad Company, or that any other act of the Legislature requires the defendants to enclose their road with a fence; but insists that, as it was lawful for him to permit his cattle to run at large over any land not enclosed by a fence built according to law; and that as the owners of land in the parish of Terrebonne, where the alleged trespasses were committed, were bound by the parochial regulations to enclose their fields of cane, corn, &c., with substantial fences in the manner prescribed by the ordinances; and that, as the owners of land in that parish were prohibited from maltreating or injuring any animal that might stray, or enter upon their fields, not enclosed in accordance with the police regulations of the parish, that the defendants were bound by such regulations either to fence in their road, as a field, or to pay damages for injuries to cattle, upon it.

The ordinances in question do not apply to lands owned and used for the purposes of a railroad, nor to the lands of individuals, unless they be in a state of cultivation, and then only to the fields, or parts thereof actually cultivated. The rights, duties and obligations of the Railroad Company are created by express law, and until the Legislature shall, by statute, require them to enclose their road, or shall delegate the power to the parochial authorities, and they shall exercise the same, the defendants will be under no obligation to enclose their road, or any part thereof, with fences or barriers. And if cattle stray upon the track, and be killed, or maimed by accident, it will be *damnum absque injuria*, and the owner will have the loss to bear.

II. The plaintiff alleges, that by the gross negligence and want of care of the agents of the defendants, he was damaged in the manner and form specified in his petition, to the amount of fourteen hundred and fifty dollars. The general rule of law requires the plaintiff to prove all the facts necessary to constitute his cause of action against the defendant, and the latter is not bound to adduce any evidence to disprove the allegations against him, until the former shall have made out by proof a *prima facie* case. The cause of action set out in the petition is within the operation of the general rule of law, and the plaintiff was as much bound to prove the fact of gross negligence and want of care alleged by him, as he was bound to prove the fact of killing itself. The law never presumes the willful omission of duty, from the proof of a fact which in the ordinary course of business may, and does often happen from accident, when the party's liability for the consequences of the fact depends not on the nature of his business, or employment, but on the fact of his negligence, or want of proper care.

III. The plaintiff, however, lastly contends, that the evidence in the record is conclusive as to the facts alleged in his petition. He has proved that a mule and horse belonging to him were killed in the day time by the cars of the Railroad Company; and he has also proved that two cows were killed, and two mules were maimed and crippled, in the night time. In relation to the mule and horse killed in the day time, the evidence is sufficient to sustain the verdict and judgment, on the ground of negligence and want of care in the employees of the Com-

NEW ORLEANS, FEBRUARY, 1860.

pany. But in relation to the cows killed, and the mules maimed at night, the
evidence is insufficient to fix the liability of the defendants, on the ground of the
gross negligence of their agents. The evidence shows, that the mule and horse
killed in the day time were worth the sum of two hundred and twenty-five dol-
lars, and for this amount the plaintiff is entitled to a judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower
court be reversed, and that the verdict of the jury be set aside. And it is now
ordered, adjudged and decreed, that the plaintiff recover of the defendants the
sum of two hundred and twenty-five dollars, and costs of the lower court. And
it is further ordered and decreed, that the reconventional demand of the defen-
dants be rejected, and that the costs of this appeal be paid by the appellee.