## No. 14,149.

RICHARD W. MCKINNEY vs. H. P. MCNEELY AND S. S. BROWN.

108
121
27
513

### SYLLABUS.

A personal injury turning upon facts. Judgment of the District Court is affirmed, in favor of the defendant.

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

The plaintiff's action is for damages for the loss of his hand while engaged in certain work upon the tug Corsair, of which the defendant Brown was the owner, and the defendant McNeely was the captain. The injury, it is alleged, was the result exclusively of the negligence of McNeely and his employer and the defective appliances upon the boat, and he, plaintiff, was nowise in fault. He himself was an employee of the Johnson Iron Works and was sent by his employers to do the work upon the boat which would be indicated to him by McNeely.

His averments are that while acting "under the orders and direction of McNeely, he was directed to fit a new bushing on the pintle of the rudder. That he calipered the pintle and bushing and found that a lump would have to be filed off the pintle before the bushing should be shrunk on to it. That the captain insisted that it should be shrunk on

without moving the lump; that after repeated efforts it was found it could not be done in that way; that thereupon the captain ordered him to try to force the bushing on by putting the weight of the rudder upon it. That in order to accomplish this it was necessary to remove the lower friction plate situated near the head of the rudder, whereupon McNeely ordered two negroes in his employ to jack the rudder up in order to prevent the same from falling while he (plaintiff) was at work; that he (McNeely) refused to allow blocks to be placed as an extra guard, or to remove the lower friction plate, and ordered him, plaintiff, to remove the friction balls from said friction plate. That by the raising of the rudder the upper friction plate was raised some inches above the deck, and to remove the balls he was required to place his hand in the rudder hold of the deck. That while he was thus engaged, and acting under the orders of the captain and removing the balls, and after he had removed eight of the same from the friction plate in which they were then resting, the jack holding the runder slipped or gave way, thereby causing the rudder to fall, bringing the upper friction plate in contact with his wrist and severing his hand. That McNeely, in declining to permit the blocking of the rudder, and the removal of the friction plate, and in compelling him to remove the balls while the rudder was insecurely jacked, was negligent, and he was relying upon the rudder's being safely and securely jacked, and was acting under the guarantee and assurance of the captain that the jack screw would not fall. That all of the persons assisting in the work were the employees of the boat and he (plaintiff) was acting under the control and direction of the captain in connection with the work then in progress. That he had no control over the jacking of the rudder and relied upon this being safely done on the guarantee and assurance of McNeely that the jack would safely hold the rudder and that the boat was steady, and that the rudder would not fall.

Brown, the owner of the boat, being a non-resident, could not be reached by personal citation and the case went to trial as against McNeely, resulting in a judgment in favor of the latter, from which the plaintiff appealed.

*Fenner, Henry & Riviere,* for Plaintiff, Appellant.

*Guy M. Hornor,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J.　It is beyond question that the rudder was insecurely held in position at the time of the accident, and that it was exceedingly dangerous for plaintiff, under the circumstances, to have placed his hand where it was. The case turns upon who was at fault in the matter. There was very considerable conflict of testimony, as is usual in such cases. Defendant positively denies that he gave any orders to the plaintiff to remove the balls, or that he had anything whatever to do with the matter of the securing of the rudder. The testimony shows that the plaintiff was below where the rudder was jacked up after McNeely had left to go upon the deck above. The district judge, in a carefully written opinion, discussed the testimony of the different witnesses and gave his conclusions upon the same. He said:

"There can be no doubt that plaintiff was a skilled and reliable mechanic, and that his services were engaged on this account. It is equally true that defendant was only the captain of the boat, with knowledge of its parts and some experience, but in no sense a mechanic.

"It is a reasonable conclusion of fact that plaintiff's skill was relied upon, by all, for the success of the work in hand. There can be no doubt that he was in the hold after the defendant started to go on deck, and that he knew that the wooden blocks were not supporting the jacks. He knew the exact situation of all things and when he went on deck, he knew the situation there. If it be conceded, for argument sake, that defendant refused his request to have the blocks put in to support the jacks, his skill as a mechanic told him there was danger of the rudder falling. If it be conceded that defendant told him to put in his hands and remove the friction balls, his skill as a mechanic warned him that there was danger of losing his hand. He was a free agent and not bound blindly to obey orders that put him in peril of life or limb. He must have known that defendant was not a mechanic, and that defendant's knowledge and skill in such matters, as those in hand, were not equal to his own.

"All that he had to do, was to refuse to put his hand into the place where danger was apparent—nay, more, where, to his certain knowledge, danger was imminent—for he knew that the jacks were the sole support below, and that this heavy rudder was suspended at an inclination, on the edge of the friction plate, where, in the absence of proper

supports below, its fall was a certainty on the least provocation. To undertake to remove the balls from the plate, with a man below pressing up against the plate, was such forgetfulness of his own safety as to amount to recklessness."

"Therefore, the conclusion seems irresistible that if defendant was in fault in ordering the plaintiff into a position of such danger, plaintiff was in equal fault in obeying the order. His skill and knowledge were superior to defendant's skill and knowledge, and defendant had no authority to coerce him."

"It is the settled rule of law that, if a servant, knowing that proper safeguards have not been taken for his protection, and that his service will expose him to a danger which is apparent and imminent, voluntarily goes on with his work, regardless of the danger, he will be held to have assumed the risk."

It is equally the rule, that a servant cannot, under such conditions of fact, necessarily excuse his own negligence and want of care of himself, by pleading that he relied upon the superior skill and care of the master. Jenkins vs. Maginnis Cotton Mill, 51 Ann.; Dandie vs. R. R. Co., 42 Ann.; Wallis vs. R. & S. Co., 38 Ann. 156; Carey vs. Sellers, 41 Ann.; Smith vs. Sellers, 40 Ann."

"It may therefore be conceded that defendant ordered the plaintiff to take out the friction balls from the friction plate and also that defendant neglected or even refused to have the blocks put in to support the jack, when plaintiff suggested this, and the fact remains that plaintiff had full knowledge of the danger that resulted when he put his hand in to remove said balls, and this knowledge is fatal to his claim for damages."

"The authorities cited for plaintiff I have examined and they are not applicable to the case at bar."

We have examined the record with care. A preponderance of evidence sustains defendant in contending that he gave no orders to the plaintiff to place his hand where he did, and that he had nothing to do with the insecure position in which the rudder was at the time of the accident, and that he in no manner contributed to its falling. We think the judgment correct and it is hereby affirmed.