PROVO STY, J.
Plaintiff claims the value of a mule, alleging that the defendant killed it through negligence. The only specific negligence charged against defendant in the petition is that the defendant “tortiously and negligently caused the death of petitioner’s mule by running one of its trains over it.” The Court of Appeal found that the mule was killed by the fast passenger night train, and that the only witness to the event was the engineer on the locomotive, and that “his testimony would exonerate the defendant were it not that defendant had fenced its track, and permitted it to become broken so that stock could go on the track through these breaks, and these breaks had been in the fence for a long time,” and added:
“This court has held in several cases that, while railroads are not compelled by law to fence in their tracks, when they do so, they must keep the fence in repair, and if they fail to do so, and animals get through the broken fence and on the track, and are killed by the railroad trains, the company is negligent, and responsible for the killing. Especially is this so in this case, as the testimony shows that, had the fence built by defendant company been kept in repair, plaintiff’s mule could not have gotten on the railroad track.”
In the first place, the Court of Appeal has held the defendant liable on a ground of negligence not charged in the petition. In the second place, it has held that it is negligence per se for a railroad not to keep in repair the fences along its track. This would be true, if the railroad were under the obligation to fence its tracks; but it is not. Stevenson v. Railroad, 35 La. Ann. 498; Tillotson v. Railroad, 44 La. Ann. 95, 10 South. 400; Knight v. Railroad, 15 La. Ann. 105. The only penalty for not doing so is that it assumes the burden of showing that the injury to stock upon its track was not the result of negligence. Acts Nos. 70 and 110 of 1886; Mongogna v. Railroad, 115 La. 597, 39 South. 699. This burden the Court of Appeal found the defendant had discharged in this case.
The engineer testified that he was looking ahead and saw the mule; but not in time even to blow the whistle, let alone to stop the train. The Court of Appeal believed the witness, and we do, too. Indeed, it would be strange if the engineer of this fast passenger train had' not been looking ahead, or if, doing so, and seeing so considerable an obstruction upon the track as a large mule in time to *920 stop his train, he had not done so. The case is identical in its facts with that last cited. See page 603 of 115 La., page 699 of 39 South.
The learned counsel for plaintiff, in the brief filed in this court, discovers negligence in the very speed of the train. The learned counsel would surely not expect express trains to be run slowly for fear of killing mules, or blame the train for the act of the mule in coming upon the track.
The learned counsel, again, suggest that such a thing might be as that railroad fences with a gap in them might operate as a trap to stock, the gap letting the stock in and then the fence preventing them from escaping at the approach of a train, so that a gappy fence might be more dangerous to stock than no fence at all. Such a thing might be possible where there was not ample space between the track and the' fences on each side, and a case might be imagined where even with ample space on each side of the track the fences might operate to deter the stock from leaving the track; but the facts of the present case do not suggest a situation of that kind. In the present case, the mule simply went upon the track too late for his life to be saved.
The judgments of the Court of Appeal and of the district court are, therefore, set aside, and the suit of plaintiff is dismissed, with all costs.