(55 South. 749.)

No. 18,480.

DE COUX v. KENTWOOD & E. RY. CO.

(June 15, 1911.)

*(Syllabus by the Court.)*

MASTER AND SERVANT (§ 213*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Where there was a safe and an unsafe way for cutting off the head of rivets on a sand box, and an experienced boiler maker adopted the unsafe way, and as a consequence lost an eye, *held*, that he assumed the risk of the selection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 559–564; Dec. Dig. § 213.*]

129 LA.—6

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Action by V. L. De Coux against the Kentwood & Eastern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. B. Webb and B. B. Purser, for appellant. R., C. & S. Reid, for appellee.

LAND, J. This is a suit for damages for personal injuries. Plaintiff was employed as a boiler maker by the defendant, and while he was engaged in cutting rivets from a sand box, the head or end of one of them blew up, and striking plaintiff in the eye, knocked it out. He was using at the time of the accident a hand chisel and a hammer.

The principal ground of negligence charged in the petition is that the defendant failed to furnish the plaintiff with the requisite tools and help for the kind of work which he was instructed by the master mechanic to perform.

For answer the defendant, after pleading the general issue, admitted the employment of the plaintiff as a skilled boiler maker, and averred that his injury was the result of his own negligence and want of skill, and was not occasioned by any fault of the defendant company.

There was judgment for the defendant, and the plaintiff has appealed.

Plaintiff was furnished with a hand chisel and a hammer for the purpose of cutting off the heads of rivets on a sand box. The evidence leaves no room for doubt that such work could have been safely performed with such tools, without the aid of a helper, in several ways, by an expert boiler maker. Several witnesses for the plaintiff testified to the rule among boiler makers, that in cutting rivets the chisel should always be driven away from the cutter. Plaintiff ad-

mitted that he violated this rule by driving the chisel towards himself, and his excuse, that he could not have done otherwise, was repelled by the testimony of several witnesses, and the silent evidence of the sand box produced in open court.

Where there is safe and unsafe way of executing an order, the employé who knows, or ought to know the difference, and yet adopts the unsafe way, assumes the risk. Taylor v. Rock Island, A. & L. R. Co., 121 La. 543, 46 South. 621. Where there are two safe ways of removing flats on the endless chain of a carding machine, an employé who chooses a third way, unusual and hazardous, assumes the risk. Jenkins v. Maginnis Cotton Mills, 51 La. Ann. 1011, 25 South. 643.

If among the different ways of performing a duty a servant selects the most dangerous, he assumes the risk. Dandie v. S. P. R. R. Co., 42 La. Ann. 686, 7 South. 792; McKinney v. McNuly, 108 La. 30, 32 South. 199; Ederle v. V. S. & P. R. R. Co., 112 La. 739, 36 South. 664.

Judgment affirmed.