## CHARLES LUKE vs. MORGAN'S LA. & TEXAS R. R. & S. S. CO., AND Y. & M. V. R. R. CO.

### Syllabus.

1. A carrier sued for the killing of stock overcomes the presumption of negligence arising under Act 70 of 1886, by showing that its train was properly equipped; that the engineer and crew were exercising due care and diligence, and that an attempt to avoid the accident, even if successful, would have involved the risk of seriously imperiling the safety of the passengers.

2. Under Act 110 of 1886 the failure of a railroad to maintain its cattle guards in good order does not constitute negligence, the effect of such failure being merely to impose upon it the burden of proving that injury to stock was not caused by its negligence.

3. Where the liability of one person is alleged to rest exclusively upon his responsibility for the negligent act of another, proof of the latter's freedom from negligence discharges the former.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1404, Hon. Prentice E. Edrington, Judge.

'Conrad Buchler, for plaintiff and appellee.

R. J. Perkins, E. A. Billings, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for the loss of a colt which was run over and killed upon the tracks of the Yazoo & Mississippi Valley Railroad Company, one of the defendants, by a passenger train owned and operated by the Morgan's Louisiana & Texas Railroad & Steamship Company, the other defendant.

The evidence shows that that the colt suddenly approached the track from behind the fence when the train, going at the rate of forty miles an hour, was about 275 feet distant; that both the engineer and fireman, competent and experienced men, were in the exercise of due care and vigilance, and immediately sounded the bell and whistle; that the engine and equipment were of the highest type and in good condition; that it was impossible to have stopped the train in time to have avoided the accident; that no attempt was made in the emergency to avert the accident by stopping or slowing down the train, for the reason that the evidence shows without contradiction that such an attempt, whether successful or not, would have involved the risk of seriously imperiling the safety of the passengers.

We are in agreement with the finding of the trial Judge that this evidence "shows conclusively to the mind of the Court that the Morgan's Louisiana & Texas Railroad & Steamship Company is not liable for the killing of plaintiff's horse."

> Mongogna vs. Illinois Central R. R. Co., 115 La., 597; Sanders vs. Illinois Central R. R. Co., 127 La., 917; Houston vs. Railroad Co., 39 An., 797; Thompson on Negligence, (2nd. Ed.) Sec. 2113; Act 70 of 1886.

The judgment, however, as to this defendant, should have been one of absolute dismissal and not one of nonsuit; and it will be amended in this respect in accordance with the answer to the appeal which was timely filed in this Court.

But plaintiff sought to hold the other defendant liable, not only upon the ground of its responsibility for the act of its co-defendant in the operation of the train, but also because it failed to properly maintain in good condition its cattle guards at crossings. The trial Judge found as

a fact that the cattle guards were worn and afforded no sufficient barrier to the crossing of stock and rendered judgment against said defendant, on the theory that this was an act of negligence sufficient in itself to charge it with liability under Act 110 of 1886.

Conceding that the finding of fact be correct, the trial Court erred in its legal conclusions. Railroads are under no legal obligation in this State either to fence their right of way or to provide cattle guards at crossings; and under Act 110 of 1886, the failure of a railroad to erect cattle guards or to keep them in good order does not constitute negligence, the effect of such failure being merely to impose upon it the burden of proving that injury to stock was not caused by its negligence.

**Sanders vs. Illinois Central Railroad Co., 127 La., 917.**

Consequently, the alleged liability of the Yazoo & Mississippi Valley Railroad rests exclusively upon its responsibility for the acts of a party other than itself, namely, of its co-defendant in the operation of the train; and as the latter has been shown to be free from negligence, it follows that no liability attaches to the former and that a judgment against it was error.

**Muntz vs. Railroad, 116 La., 236.**

It is accordingly ordered that as to the Morgan's Louisiana & Texas Railroad & Steamship Company the judgment be amended and that as to the Yazoo & Mississippi Valley Railroad Company it be reversed and set aside; and to this end, it is now adjudged and decreed that there be absolute judgment in favor of both defendants, dismissing plaintiff's suit at his costs in both Courts.

Amended in part and in part reversed.

Opinion and decree, June 2nd, 1913.

Rehearing refused, June 26th, 1913.