No. 3147

Second Circuit

---

ADAMS v. LA. RY. & NAV. CO.

---

(Feb. 3, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Railroads—Par. 86, 88.

Act No. 70 of 1886 provides that in suits against railroad companies for killing or injuring live-stock plaintiff need only prove the killing or injury in order to recover, unless the defendant shows that the killing or injury was not the result of its negligence; and Act No. 110 of 1886 provides that there shall not be any responsibility on the part of railroad companies for killing or injuring live-stock where they have their line of track fenced in and and kept in good order and have erected and maintained in good order suitable cattle-guards at crossings; and the only effect of a railroad company's failure to fence its tracks and maintain such fences in good condition and to erect and maintain in good order suitable cattle-guards at crossing, is to place upon it the burden of proving that the killing of or injury to live-stock was not caused by its negligence.

Sanders vs. Ill. Cent. R. R. Co., 127 La. 917; 54 South. 147.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Jessie Adams against Louisiana Railway & Navigation Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Gus A. Voltz, Alexandria, attorney for plaintiff, appellant.

Peterman, Dear & Peterman, Alexandria, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sues defendant for $300.00 as the value of two mules struck and killed by one of defendant's trains on December 11, 1925.

Defendant admitted the killing of the animals but denied liability, alleging that the animals were struck in the night time, and that a dense fog existed at the time and place they were killed, and that this prevented the engineer from seeing the animals in time to stop the train before hitting them.

On these issues case was tried and there was judgment for defendant and plaintiff appealed.

## OPINION.

Defendant introduced the testimony of W. T. McDermott, the engineer, and Walter Lucine, the fireman, of the locomotive attached to the train that killed plaintiff's mules.

They testified that they were at their respective posts of duty and keeping a constant lookout ahead for foreign objects that might be on the track; that the speed of the train was between forty-five and fifty miles an hour; that the animals were struck at about 3:30 o'clock a. m. and during a dense fog; that the train equipment was in good working order and the locomotive headlight shining brightly; that the darkness of night and the fog made it impossible for them to see farther than from ten to fifteen feet ahead of the locomotive; that the train could not be stopped in that distance; that the mules were not seen until within from ten to fifteen feet of the pilot of the locomotive and that it was impossible then to stop the train before striking them.

Plaintiff made no effort to contradict this testimony but sought to show that defendant had fenced its track and had allowed the fence to decay and fall down, and in his brief he says:

"It is plaintiff's contention that the witnesses for the defendant company testified that the train was run properly and that there was no negligence in the operation of the train. Even though this be correct the proper operation of the train would not relieve the railway company from liability for permitting a fence to remain down that had been deliberately taken down by its employees."

We cannot concur in this conclusion.

We know of no law requiring railroad companies to fence their tracks or, where they have done so, to keep the fences up. If they do these things the effect is to put upon a plaintiff suing for the killing or injuring of live-stock the burden of proving it was negligent in the operation of its train (Act No. 110 of 1886), whereas if it does not do these things, the effect is to put upon the defendant in such case the burden of proving that the killing or injury was not the result of its fault.

The Supreme Court so held in Sanders vs. Ill. Cent. R. R. Co., 127 La. 917, 54 South. 147, and that decision has not been overruled or modified.

Under the law and the evidence the judgment appealed from is right and accordingly it is affirmed.