Smith vs. Sellars & Co.

## No. 10,074.

### GEORGE SMITH VS. T. J. SELLARS & CO.

A servant must be held to have accepted the service of his employer, subject to such rea. sonable risk as may be incidental to the character of the employment; and within that limitation he cannot be awarded damages for the occurrence of an accident, or result-ing injury.

An employee engaged in a hazardous enterprise cannot be required to give a laborer a posi tive guarantee against danger and injury which may be suffered from *accidental* and *fortuitous* causes.

A servant, necessarily, assumes the risk *only* of such hazards as are apparently incidental to an employment intelligently undertaken; and if he be aware that proper precau-tions have not been taken for his safety, and still continues the service, notwithstand-ing the risk, he will be considered as having assumed the responsibility of his own security.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Harry H. Hall* for Plaintiff and Appellee:

I.

The master will be held liable for "subjecting the servant, through negligence, to greater risks than those which properly belong to the employment. Thompson, Negligence, II, 969; Hilliard, II, pp. 424, 456, 459, 467; Addison, Torts, I, pp. 226, 257; Wharton, Negligence, § 205; Beach, Contrib. Neg. 311; Wood, Master and Servant, §78, 843; Wait, IV, p. 417; 102 Mass. 572; 55 Ill. 492; 8 Am. Rep. 661; 31 Ind. 175; 62 Mo. 280; 63 Penn. St. 146; 34 N. J. L. 151.

II.

A servant assumes only the risks ordinarily incident to the business. Wood, Master and Servant, pp. 738, 739, 672, 681, 763; Wharton, Negligence, § 199; Beach, Contrib. Neg., 370; McAuley vs. Brownlee, 32 Jur. (sc.) 415; Mason vs Edison, 28 Fed. R. p. 228; 32 Iowa, 357; Pool vs. R. R., 56 Wis. 227; Alexander vs. Tennessee, 3 Pacit. R. p. 735; V. 48 Wis. 375; Patterson vs. Pittsburg, 76 Penn. St. p. 393; Cook vs. St. Paul, 24 N. W. Rep. 311.

III.

The servant has a right to rely upon the superior judgment and knowledge of the master. Wood, Master and Servant, pp. 749, 751, 677; Thompson, Negligence, II, p. 975; Wait, IV, 417; do. do.; 41 Barb. 366; Wharton, Negligence, § 215.

IV.

When the master delegates his duty to another person, he is liable for that person's negli-gence. Woods, Master and Servant, pp. 871-873; 81 N. Y. 521; 37 Am. Rep. 521; 84 N. Y. 77; 31 O. 287; 27 Am. R. 510; 11 Mass. 245; 11 R. I. 152; 49 N. Y. 521; 53 Id. 551; 2 Laws (N. Y.) 506; 59 N. Y. 517; 38 Wis. 289; 78 Penn St. 26; 17 Wall. 553; 28 Barb. 80; 20 O. 415; 52 Mo. 373; 14 Am. R. 424; 47 Mo. 567; 4 Am. Rep. 353; 100 U. S. 213; Wood's Master and Servant, pp. 883, 885; 2 O. 415; 3 O. 201; 31 O 287, 292; 2 Duv. 114; Wharton, Neg., § 232; Reising vs. Steinway. 5 N. E. R. 449; Wharton, Negligence, § 235; Thompson, Negligence, II, p. 1030; Beach on Cont. Neg. note, p. 331.

V.

One to whom the master delegates the performance of his duties, as master, is not a fellow servant of those over whom he exercises those duties. 3 Wait, Act. and Deft., p. 415; 61 Mo. 492; 62 Mo. 326; 38 Wis 289; v. note; 21 Am. Rep. 579, 582,; 76 N. C. 5; Beach,

pp, 331, 334, 389; Thompson, Negligence, II p. 1028, *et seq.* 1030; Wait, Act. and Def., 4, p. 415; Beach, Contrib. Neg., p. 334; 61 Mo. p. 495; 26 Ind. 74; 76 Penn. St. 389; 49 N. Y. 672; 45 Md. 229; 44 Md. 283; English cases cited at p. 335 of Beach; Gormly vs. Vulcan. 61 Mo. p. 494; 47 Mo. 567; 59 Mo. 495; 62 Mo. 327; 108 Mo. 289; 78 Penn. St. 25; Wait, A. and D 8, p. 297; 50 Mich. 179; 45 Am. R. 35; 41 do. 812; 80 Ind. 281; Shearman & Redfield on Negligence, § 102; Wharton on Negligence, § 222; 53 N. Y. p. 55; 53 N. Y. p. 527; Ryan vs. Baggelley, 50 Mich. 180.

### VI.

The burden of proof of contributory negligence is, in such cases, upon the defendant. 15 Wall. 401; 93 U. S. 291; Wood, Master and Servant, p. 777; 29 Iowa, 14; 4 Am. R. 181.

### VII.

When the jury has failed to do justice the court, in the exercise of its jurisdiction, must do it, and will increase the verdict. Sullivan vs. R. R., 39 Ann. 800.

### VIII.

A verdict for $10,000 for loss of boy's arm is not excessive and will not be disturbed on appeal. Ketchum vs. R. R., 38 Ann. 777.

*Charles S. Rice* for Defendants and Appellants:

1. The petition shows no cause of action.

2. The petition charges only a fortuitous accident, or one incidental to the employment; and shows no relation between the alleged cause of the accident and the accident itself.

3. The servant takes upon himself all risks incident to his employment. He has no right to dictate to his employee how he shall conduct his business. If he does not like the manner in which it is conducted, he may remain or quit. If he remains, without promise of remedy, he does so voluntarily and at his own risk. The servant is not "subjected to the will of the master" in such wise that he is compelled or coerced.

4. The evidence justifies defendant's foreman in refusing plaintiff's demand, for reasons assigned by him at the time. It shows that the accident was purely fortuitous; that plaintiff was not injured by anything that either he or the defendant had anticipated, or could reasonably have anticipated; that every precaution was used and care exercised by defendants' foreman that a careful and prudent man would exercise; and negligence in no respect is imputed to him, in the falling of the joist, by plaintiff, or any of his witnesses.

The opinion of the Court was delivered by

WATKINS, J.  Plaintiff claims ten thousand dollars damages for injuries inflicted, at the hands of the defendants, under the following circumstances:

That on or about the 12th of July, 1886, he was employed by the defendant as a laborer to assist in the demolition of the Exposition buildings, in this city, and, while thus engaged, he was injured by a falling *joist.*

That shortly prior to receiving the injury, "in order to protect himself from possible danger at the derrick, to which post he had been assigned by defendants' foreman, he rove the line of the fall entrusted to his care, through a block fastened to the derrick platform, thus per-

mitting him to effectively perform his duty, at a safe distance from the derrick ; that, arbitrarily, unreasonably and unlawfully, the foreman of the defendant ordered him to remove said block, and would not permit him to work in a place of safety ; and that he was subjected by the defendant to the authority of said foreman, their agent, and was compelled to obey him ; and that in consequence, *solely* of the said unlawful acts of defendant and their aforesaid agent," he received the injury complained of.

" That the danger which alone could have or was seen by him, in his employment, was the breaking or falling of timbers swung to the derrick, and being lowered ; that the *joist* that fell and injured him was *not* swung, but would not have struck him had he been permitted to use the block, as above set out."

*In limine* the defendant tendered the plea of "no cause of action," and it was overruled, and we think incorrectly.

The danger against which the plaintiff *sought* to guard himself, by reaving the line of the fall through a block attached to the derrick platform, " was the breaking, or falling of. timbers *swung to the derrick and being lowered*," and not the falling of " the *joist* " that was *not* so swung, or being lowered.

The unlawful act of the defendant that is assigned, is that of its foreman in refusing to permit him to " perform his duty at a safe distance from the derrick," in the manner stated above.

There is no charge that the falling of the joist was apprehended, and danger from that cause foreseen, by either the plaintiff or the defendant's manager. On the contrary, the petition contains the distinct averment " that the danger which *alone* could have been or was foreseen by him, in his employment, was the *breaking or falling of timbers swung to the derrick and being lowered*."

The dangers from a falling joist was unforseen, and not anticipated by either.

There is no charge that the falling of the joist was occasioned through the fault or negligence of the defendant, its servants, or agents. It is not averred that the falling of the joist should have been foreseen and provided against by the defendant and its managers.

From the allegations of the petition we take it that the falling of the joist was the result of an accident ; and it may have been caused by some latent defect in the *construction* of the building. This was a danger entirely independent of that which might have threatened the plaintiff by the falling or breaking of timbers swung to the derrick.

The falling of the joist seems to have been altogether fortuitous. The place where the plaintiff was directed by the foreman to stand was not alleged to have been more within the compass or area of falling joists than that he had chosen as a place of safety from "breaking or falling timbers swung to the derrick." *Non constat* that had he occupied that position, unrestrained by the defendant, or his foreman, that, or a similar accident, would not have happened.

The defendant must be held as innocent of the cause of the danger, and cannot be made responsible for the injury sustained.

The defendant's counsel propounds the following query, viz.:

"In other words, let us suppose that there was reason to fear that timbers swung to the derrick would break or fall, and thus threaten danger to those working near the platform; that the plaintiff was refused the safeguards from *that* danger, as he alleges, but remained under such refusal at the place of supposed danger. Are the defendants liable to him because of some other danger that was not foreseen by him or by them, and for which neither knowledge, nor culpable ignorance, nor negligence in them is charged?"

We are of the opinion that they are not.

A servant must be held to have accepted the service of his employer, subject to such reasonable risk as may be incidental to the character of the employment; and, within that limitation, he cannot be awarded damages for the occurrence of accident, and resulting injury. An employer, engaged in a hazardous enterprise like that of the demolition of the Exposition buildings, could not be required to give to every laborer a positive guarantee against danger, and immunity against injury, which might be suffered from *accidental* and *fortuitous* causes, over which he could exercise no control, and of the likelihood of which he could have entertained no apprehension at the time the contract of employment was entered into, or previous to the happening of the accident occasioning injury.

It has been well said by a distinguished author that "it has often been justly remarked that a man may decline any exceptionally dangerous employment; but, if he voluntarily engages in it, he should not complain because it *is* dangerous." Cooley on Torts, p. 555.

The servant assumes the risk only of such hazards as are apparently incidental to an employment, intelligently undertaken; and, if he is aware that proper precautions have not been taken for his safety, and still continues the service, notwithstanding the risk, he will be considered as having assumed the responsibility of his own security. Leary vs. Boston and Albany R. R. Co., 139 Mass. 584; Sullivan vs.

India Manufacturing Co., 113 Mass. 396; Coombs vs. New Bedford Cordage Co., 112 Mass. 572; Wood on Master and Servant, p. 809.

The falling of a joist cannot, in this instance, be considered as a latent or extraordinary danger, not reasonably contemplated in the plaintiff's employment.

We are of the opinion that the defendant was not responsible for the accident, or the injury; and that plaintiff's petition does not state a cause of action against him.

It is therefore ordered, adjudged and decreed that the verdict of the jury, and the judgment thereon based be set aside, annulled and reversed, and that the plaintiff's and appellee's demands be rejected at his cost in both courts.