44 95
119 577

## No. 10,891.

### MRS. ESTELLA TILLOTSON, WIDOW OF THOMAS CRILLY, VS. TEXAS & PACIFIC RAILROAD COMPANY.

Under the laws of Louisiana railroad companies are not compelled to fence in their tracks, and it is not negligence on the part of said companies to neglect to fence their tracks at a point where there is no public crossing.

It is not negligence to fail to fence a trestle over a small canal in an open field where there is no public road, or general thoroughfare. Where a railroad company voluntarily fences a part of its track, this will not impose upon it the obligation to fence its entire track.

Where an employee, not too young and too ignorant to appreciate the dangers of ·the situation, is aware that proper precautions have not been taken for his safety, and he continues the service notwithstanding the risk, he will be considered as having assumed the responsibility for his own safety.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*W. S. Benedict* and *E. M. Hudson* for Plaintiff and Appellant:

1. The injury received by an employé of a railroad company, in the discharge of his duty, in cases where the locomotive and train are derailed and wrecked, of itself raises the presumption of negligence and throws the burden of proof on the company to explain and rebut it, by showing that the injury resulted from no negligence of the company. Cooley on Torts, pp. 661, 662 and 663; 1 Addison on Torts, paragraph 546 (Ed. 1881, p. 578; 2 Thompson on Negligence, p. 1226.

2. The servant or employé does not undertake to incur the risks arising from the want of sufficient and skilful colaborers, or from defective machinery, defective structures, appliances, imperfect methods or bad management, with which and under which he is to work. His contract implies that in regard to these matters his employer, the railroad company, shall make *adequate provision* that no danger shall ensue to him. 2 Thompson on Negligence, p. 946, *et seq.;* 46 Mo. R. 163; Gibson vs. Pacific Railroad Co., 8 Allen, p. 411; 10 Gray, p. 274; 14 Gray, p. 646.

3. It is the duty of a railroad company to take *care* that suitable machinery, structures and appliances be provided, and that they be kept in proper condition for use with safety by the employé, and that the business be so managed that no danger shall ensue to the employé. By care is meant reasonable care; and in such cases reasonable care is unquestionably a high degree of care, because the risk of injury is very great when such care is not observed. Cooley on Torts, p. 662; 59 Penn. State R., p. 239; 2 Thompson on Negligence, p. 985, note 5.

Tillotson vs. Railroad Co.

*Howe & Prentiss* for Defendant and Appellee:

A surviving widow has no authority to stand in judgment, or prosecute a suit in behalf of her minor children, in her capacity as mother. All actions brought on behalf of minors whose father is dead must be brought by their tutor or tutrix. C. P. 108, 109; 3 An. 563; 11 R. 504; 42 An. 548; C. C. 335, 321.

The right of action given by Art. 2315, Civil Code, as re-enacted by Act No. 71 of 1884, is prescribed in one year. C. C. 2315, etc.

In an action for damages brought against a railroad company, on account of the death of one of its employés, the burden of proof is on the plaintiff to show not only that the railroad company and its employés are chargeable with negligence and fault, but also that the deceased did not, by any act of his, contribute to the accident which resulted in his death. 42 An. 992.

Under the law of Louisiana railroad companies are not compelled to fence their tracks, and it is no negligence on the part of such companies to maintain and operate their roads in Louisiana without fencing their track. 15 An. 105; 35 An. 498; 36 An. 244.

The opinion of the court was delivered by

McENERY, J.    The plaintiff is the widow of Thomas Crilly, who was killed in a railroad accident, while in the employment of the defendant company.

She brought suit claiming damages in the sum of $25,000, alleging that her husband, the conductor of a freight train, was killed in a wreck of said train near Seymourville, Louisiana, on the 30th January, 1890, and she alleges that the accident, which resulted in the death of her husband, was caused solely through the gross negligence, fault, want of care on the part of the defendant corporation, and without fault, imprudence, or negligence on the part of her deceased husband.

The answer of the defendant is the usual one in cases of this kind.

The facts in the case are as follows:

Seymourville is a flag station on defendant's road. The train on which plaintiff's husband was conductor was a through freight train. It arrived at Seymourville on time.

There was a section of the freight train behind it, and the train on which plaintiff's husband was conductor was running, under orders, to make twenty miles an hour. The limit of the speed of freight trains was twenty-five miles an hour.

On the morning of the accident it was foggy, and the headlight on the locomotive revealed objects not more than fifteen feet ahead.

The conductor, Crilly, was on the engine, having taken this position in order to secure the safety of his train in consequence of the fog.

He was a sober and trusted employee of the company, careful and vigilant.

The accident occurred when the train was passing over a trestle in a field. The trestle was over a small canal, uninclosed. A cow was on the track, and was caught between the cross ties and was struck by the train.

The locomotive was overturned and the conductor, Crilly, and the engineer were killed.

There is no complaint that there were any deficiencies in the equipments of the locomotive, and that the road-bed was not in proper condition.

The elements of fault and negligence on the part of the defendant are thus stated by the plaintiff:

1. Compelling by special order the train to be run on such a cloudy and foggy night at the rate of twenty to twenty-five miles per hour, in order also to keep out of the way of another freight train immediately following it and running at the same speed.

2. The construction of open bridges, serving as traps to catch cattle on the track, by their falling partly through, becoming entangled and held fast in the open spaces, and this from the sole purpose to avoid a little additional expense, knowing that the employees on the train could not, if they wished, see and know the condition of the road and track, whirling over it night and day as they had to do.

3. Knowing and recognizing the necessity of fencing the road, as shown by having fenced various parts of the same, and being then in course of fencing more, yet failing to fence the portion of it about the scene of the accident, in a sugar plantation, it being usual for defendant to fence in sugar plantations, to keep cattle off the track.

There was a trial by jury, and a verdict was rendered in favor of the defendant. A new trial was refused, and judgment was entered according to the verdict, from which the plaintiff appealed.

It is a rule frequently affirmed by this court that the verdict of a jury will not be disturbed unless it is manifestly wrong.

In the instant case we do not think the verdict was an improper one.

7*

·Tillotson vs. Railroad Co.

There is no proof that the company knew it was a foggy morning about Seymourville.

There is no law in this State requiring the fencing in of railroad tracks.   Stevenson vs. Railway Company, 35 An. 498.

It is not negligence, therefore, for a railroad company to neglect fencing in its tracks where there is no public thoroughfare.

The fact that, as in this case, when it thought it was necessary to do so, the company·fenced a part of its track, will not impose upon the company the duty of fencing its whole track.

The fencing of a portion of it, where the company thinks there'is danger, shows at least, that they are not entirely unmindful of the safety of its trains.   In the absence of legislation requiring the entire fencing of the tracks, it leaves the company with the discretion to place fencing where there is, in its judgment, danger.   The defendant company seems to have exercised this discretion.

At the place where the accident occurred there was no public thoroughfare crossing the track, and there does not appear to be a great necessity for fencing at that particular point.

The three causes of negligence assigned by the plaintiff may be disposed of by the fact that the plaintiff's husband knew the orders of'the company relative to the speed of its trains, and the condition of the track where the accident occurred.

In the case of Smith vs. Sellers, 40 An. 530, we said:

"The servant assumes the risk only of such hazards as are apparently incidental to an employment, intelligently undertaken; and if he is aware that proper precautions have not been taken for his safety, and still continues the service, notwithstanding the risk, he will be considered as having assumed the responsibility of his own security." Cooley on Torts, 55.

It is not shown that the plaintiff's husband was too young or too ignorant to appreciate the danger to which he was exposed.   Beach Contributory Negligence, pages 371, 372.

Judgment affirmed.