(54 South. 967.)

No. 18,268.

McCANTS v. TREMONT LUMBER CO.

(April 10, 1911.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT (§ 222*)—INJURIES TO SERVANT—ASSUMED RISK.

Where a carpenter, before ascending a ladder according to instructions from his foreman, had fears that it might slip unless proper measures were taken to prevent it, and this could have been done by merely nailing a piece to the floor at the bottom, plaintiff assumed the risk of ascending the ladder without assuring himself that it was properly protected, though the foreman left another to hold the ladder in place while plaintiff ascended it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 648–651; Dec. Dig. § 222.*]

2. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—FELLOW SERVANTS — NEGLIGENCE.

Where a carpenter was injured by the fall of a ladder on which he was working, due to the failure of a fellow servant to properly hold the bottom as he was directed to do, the injury was the result of the negligence of a fellow servant, for which the master was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; R. B. Dawkins, Judge.

Action by Samuel McCants against the Tremont Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Daspit & Heath and J. S. Atkinson, for appellant. Barksdale & Barksdale, for appellee.

PROVOSTY, J. Plaintiff, a carpenter, and other workmen, were engaged in putting up a large wooden open shed for the defendant company. It became necessary to go up a ladder, to a height of about 13 or 14 feet, to take some measurements, and plaintiff was directed by defendant's foreman to do it. The ladder stood leaning against one of the posts, or columns, of the shed; the foot rest-ing on the floor. It being too long, it extended out at the bottom at too flat an angle. The floor was of dressed lumber, and wet, and therefore more or less slippery. Plaintiff says he told the foreman that it was dangerous to go up this ladder, that it was like sending him into a trap, and that the foreman told him to go ahead—that he (the foreman) would have Adam Lorber (a fellow carpenter) hold the ladder and would be responsible for the danger. Plaintiff took along with him up the ladder a pine board one inch thick, six inches wide, and seven feet long, to make measurements with. For taking the measurements he had to lean out a good deal. A high wind was blowing. Plaintiff testifies that while he was holding the board with his left hand, and had just folded up his foot rule and put it in his back pocket, the wind blew the board around, so that it hit the side of the ladder, and caused it to "run out on the slick floor" and slip two or three feet; that he held to the board until it struck the post against which the ladder was leaning, and then let it go, when the ladder turned over, and he fell to the floor; that the foreman had gone to another part of the premises, and that Adam Lorber, who, as instructed by the foreman, was holding the ladder, was standing at the foot of the ladder, with his left hand on it, and was not paying attention, but was looking over his shoulder at some men who were working near by.

Plaintiff sues in damages for the injuries received by him in his fall.

Adam Lorber, who was called as a witness by plaintiff, testified that the foreman had caused a piece of one-inch board to be nailed to the floor to keep the ladder from sliding, and that the ladder rested against this piece of board.

"The ladder fell because I did not hold it at the bottom, and the reason I did not hold it was to get away from the pattern, a piece of lumber seven feet long, one inch thick, and six

inches wide, which McCants was holding in his hand to take measurements. The wind blew this out of his hand, and I jumped away, and the piece struck the ladder, which caused it to fall."

The foreman testifies that the ladder could easily have been made perfectly safe by nailing a strip or two, and that it is the duty of each carpenter to attend to making his own ladder safe; that the plaintiff never complained to him of its being dangerous to go up this ladder.

Upon these facts, it is perfectly plain that plaintiff cannot recover.

[1] For a carpenter who fears that a ladder may slip to go up it without taking proper measures for preventing it from slipping is simply to plead the baby act. Plaintiff knew as much about this danger, and as much about how to protect himself against it, as the defendant's foreman did, and he was under as great an obligation to look out for his own safety as his employer was to attend to it for him. Bailey on Personal Injuries, § 2666; 2 Thompson on Negligence, 946 et seq.; Labatt, Master & Servant, 777, 813.

[2] The real cause of the trouble seems to have been the fall of the board which plaintiff was holding and the act of Lorber in letting go of the ladder. For neither of these is the defendant responsible. If Lorber's act in letting go the ladder was negligence, he was plaintiff's fellow servant.

Judgment affirmed.

SOMMERVILLE, J., takes no part herein.