D'ANTONI v. TECHE LINES, INC.

(Division B. Sept. 26, 1932.)

[143 So. 415. No. 30096.]

Engle & Laub, of Natchez, for appellant.

672

Hugh **V. Wall**, of Brookhaven, and **Whittington & Brown**, of Natchez, for appellee.

Luther A. Whittington, of Natchez, for appellee.

Argued orally by **S. B. Laub**, for appellant, and by **Hugh V. Wall**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The facts in this case are the same as in the cases of Teche Lines v. Pasavanti (Miss.), 140 So. 677, and Teche Lines v. Heatherly (Miss.), 140 So. 680. All of these suits arose out of the same transaction, the plaintiffs being different persons traveling in the same car involved in a collision with a bus operated by the appellee, Teche Lines, Inc.

In the trial of the case at bar the jury returned a verdict for the defendant, which would be affirmed but for errors in instructions given the defendant in the court below.

In Louisiana contributory negligence of the plaintiff is a defence to the action, and bars the plaintiff if the jury find that the plaintiff was negligent, and that such negligence was a proximate cause of the injury, although the defendant may also have been negligent.

The defendant obtained the following instructions:

"The court instructs the jury that if you believe that it is probably true that both the bus and the Buick were on their right hand side of the road and running at the same rate of speed, and as they passed each other on account of the slippery condition of the road, one or both skidded towards the other and they collided, then there can be no recovery, and your verdict should be for the defendant."

"The court instructs the jury that if from all the evidence in the case you are not satisfied and you are unable to determine just how the collision did occur, then your verdict should be for the defendant."

"The court instructs the jury for the defendant in this case that if you believe that by a preponderance of the evidence in this case it is established that the car in which the plaintiff was riding at the time of the collision had not stopped and was not stopped on the extreme right side of the road, and was traveling in the highway near the center of the road at the time of the collision between it and the bus of the defendant, then it is your sworn duty under the law to find for the defendant and in such case your verdict should be, 'We, the jury, find for the defendant.'"

It will be noted that the first of these instructions above quoted instructs the jury that they are to return a verdict for the defendant if they believe that both the bus and the Buick skidded towards each other and collided, although the plaintiff's car may have been on the right-hand side of the road at the time of the collision and was running in a prudent manner. This is error, because, if the plaintiff was on the proper side of the road and running in a prudent manner, and the bus was on its side of the road, but, through negligence of its driver, was not under control and struck the car of the plaintiff while the plaintiff was on the proper side of the road and was guilty of no negligence, and if the bus was guilty

of negligence, then the defendant would be liable. The instruction does not negative negligence on the part of the bus; nor does it place any hypothesis in it to charge the plaintiff with negligence. There might be a difference in operating an ordinary passenger car at a high rate of speed, and operating a bus at the same rate; a bus, being larger and heavier, might not be so easy of control, and it might be negligence to operate a bus at a high rate of speed over a certain slippery road, while operating a passenger car at the same rate would be safe. If both cars had skidded, and the collision was caused by the skidding of both cars, it would present a different situation from the collision being caused by the skidding of only one car.

The second instruction complained of quoted above is only erroneous in not having after the word "satisfied" a qualification, viz. "from a preponderance of the evidence." The jury are not required to be entirely satisfied, but only reasonably satisfied by a preponderance of the evidence. Of course, if the jury were unable to determine from the evidence how the collision did occur, then the plaintiff would not have met the burden imposed to show by a preponderance of the evidence the negligence on the part of the defendant.

The third instruction quoted above is erroneous because it is not required that the plaintiff's car should have stopped at the extreme right side of the road. It was not required, in fact, to have stopped at all, and, if it was on the proper side of the road, and was being operated in a proper manner, and if the driver was guilty of no negligence, there would be no fault on the part of the plaintiff barring her right to recover if the defendant was negligent. This instruction is also erroneous, in that it does not properly limit the bus to its side of the road, or to a proper manner of operating. It is not negligent for a car, although traveling in the center of the road prior to the collision, to turn to the

right side and continue its reasonable operation on the proper side of the road. Under this instruction, the plaintiff could not recover, even though traveling in a proper and careful manner upon its own side of the highway, if, prior to the collision, it had been in the center of the highway, and had not driven to the extreme right side of the highway and come to a full stop.

It is also complained that the court erred in giving the following instruction: "The court instructs the jury for the defendant in this case that if you believe that by a preponderance of the evidence in this case it is established, that the car in which the plaintiff was riding at the time of the collision had not stopped and was not stopped on the extreme right side of the road, but was traveling in the highway near the center of the road at the time of the collision between it and the bus of the defendant, then it is your sworn duty, under the law, to find for the defendant, and in such case your verdict should be, 'We, the jury, find for the defendant.' "

This instruction is not properly drawn. It carries with it the same idea that the plaintiff's car should have stopped at the extreme right side of the road as a condition of recovery. It would not necessarily be negligence to have traveled near the center of the road at the time of the collision. The words "near the center" are certainly misleading. This instruction also omits the hypothesis as to where the bus was traveling and how the collision occurred. Cars may safely pass each other and each being near the center of the highway on the proper side of the road. Just how near the center of the road the car was traveling was not defined by the instruction, and the giving of the instruction was improper.

It is also complained that the court erred in giving the defendant the following instruction: "The court instructs the jury that if you believe from the evidence in this case that at the time of the collision, both cars were

traveling at about the same rate of speed, and when they were within about one hundred feet of each other they were both in the center of the road, and they both turned to their right; and the front ends of the cars passed each other without colliding, and before the rear ends of the cars cleared each other, they collided, then there can be no recovery and it is immaterial whether the bus skidded into the Buick or whether the Buick skidded into the bus, and your verdict should be, 'We, the jury, find for the defendant.' ''

This instruction probably was intended to tell the jury that it was negligence on the part of both parties to travel in the center of the road when they were within one hundred feet of each other, owing to the slippery condition of the road. If, as stated in the instruction, both cars attempted to turn when within one hundred feet of each other, and the front ends of the cars passed each other, and before the rear ends cleared, the cars collided, there can be no recovery, although the bus skidded into the Buick through negligent operation. It is certainly susceptible to that construction. If both cars were negligent, there can be no recovery under the Louisiana law, but it would not be negligence per se for the plaintiff's car to have turned out when within one hundred feet of the bus, and on its own side of the road, if the plaintiff's car was free from blame, and the defendant was negligent in not having proper control of the bus.

It is next complained that the court erred in giving the defendant the following instruction: ''The court instructs the jury, that all of the occupants of the Buick car at the time of the collision in question who have sued on account of such collisions, are interested, and in weighing their testimony, you should take into consideration their interest, and on the other hand the passengers of the bus are disinterested, and if it reasonably appears from the testimony of the passengers on the bus at the time of the collision that the bus was on the right hand

side of the center of the road at the time of the collision, then your verdict should be for the defendant:''

This instruction is in plain violation of section 586, Code 1930, which prohibits the judge from summing up the testimony or commenting on same, or charging the jury as to its weight. The judge clearly could not tell the jury that some witnesses were interested, and others disinterested, and that they should except the evidence of either set of witnesses. It was clearly a comment on the weight of the evidence to say that some witnesses were interested and others disinterested. Whatever may be the rule in Louisiana upon this subject, the cause must be tried, as to procedure, under the laws of Mississippi. Counsel seem to have been impressed with the idea that, because the action originated in Louisiana, and the right of action was controlled by Louisiana law, Louisiana procedure must be applied by a Mississippi court. On page 483, 12 C. J., it is said that: ''The lex fori, or law of the jurisdiction in which relief is sought, controls as to all matters pertaining to remedial, as distinguished from substantive rights, and the only uncertainty which may arise concerning this rule must result from conflicting views as to what matters fall within one or the other of such classes of rights, or where the same claim may, according to the surrounding conditions, fall into either class.''

See, also, 5 R. C. L., p. 1036, section 127, where it is said: ''Where an action is brought in one jurisdiction for a tort committed in another, the general rule is that all matters relating to the right of action are governed by the lex loci delicti, and all matters relating purely to the remedy by the lex fori.'' See authorities in note 18 to this text.

In Goodrich on Conflict of Laws, p. 157, it is said: ''A distinction is made by the courts between those matters which relate to substance, sometimes called matters of right, and those which relate to procedure or matters of

remedy. The latter are governed by the law of the forum, regardless of where the transactions occurred out of which the claim now in litigation arose.''

For the giving of these instructions, the judgment must be reversed, and the cause remanded for a new trial.

Reversed and remanded.