LUCIUS *v.* HARRIS.

(Division B. March 5, 1934.)

[153 So. 390. No. 31063.]

R. H. Knox, of Jackson, and J. H. Ford, of Houston, for appellant.

386

C. H. McCraine, Jr., of Houston, and Leftwich & Tubb, of Aberdeen, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against one Phillips and appellee to recover damages for an injury received by him while driving a truck with a trailer attached loaded with cotton. Appellant alleged that he was employed by Phillips and appellee to drive the truck; that the truck was owned by Phillips; that the truck was defective and unsafe; that he was not furnished sufficient help to drive the truck the distance he had to drive it, and that appellee required him to load the cotton on the truck in an unsafe manner—from all of which the injury resulted. Phillips made no defense. The trial resulted in a judgment against him for one thousand dollars, from which he does not appeal, and a directed verdict in favor of appellee, from which appellant prosecutes this appeal.

Harris defended upon three principal grounds: That the relation of master and servant did not exist between him and appellant; that the proximate cause of appellant's injury was his own negligence; and that appellant assumed the risk of the dangers that brought about his injury. The view we take renders it unnecessary to consider any of these except the last named.

The evidence out of which the question we decide arises is without dispute. Anderson, Clayton & Company do a large cotton business in this state; they employed appellee and others to haul cotton from the Houston, Okolona, and Calhoun City section of the state to New Orleans—cotton that they had purchased in that territory. Phillips had a truck and trailer; appellee subcontracted with him to haul some of the cotton. Appellant was employed by Phillips to drive his truck. Appellant was injured on one of these trips from Houston to New Orleans. There was attached to his truck a trailer, and the cotton was loaded on the trailer. Near Hammond, Louisiana, in turning a sharp angle in the paved highway, the truck and trailer turned over, and appellant was seriously injured.

The grounds of negligence alleged, and which appellant's evidence tended to establish, were that the brake on the truck was defective and unsafe, and so was the steering gear; that the cotton was loaded and tied on the trailer in an improper and defective manner, and was so required to be by appellee, and that appellant was not furnished a helper to alternate with him in driving the truck, which was necessary for his safety in making such a long trip, and that those conditions were the proximate cause of his injury.

Appellant testified, and his evidence must be treated as true in considering the question for decision, that he protested to appellee against the loading of the cotton in the manner required, and called Phillips' attention to the defective condition of the truck, in response to which appellee refused to change the method of loading the cotton, and Phillips, who owned the truck, stated that later on he would remedy its defects. In other words, the evidence showed not only the defective condition of the truck and the negligent manner of the loading of the cotton, but that appellant was fully aware of those dangerous conditions before he ever entered upon the

trip, and notwithstanding voluntarily proceeded to do so. And the evidence showed further that appellant had made several of these trips to New Orleans and return for Phillips, and therefore knew the necessity of having a helper, if one were needed.

The injury having occurred in the state of Louisiana appellant's substantive rights are governed by the laws of that state. The assumption of risk doctrine as declared by this court, before the adoption of chapter 156, Laws of 1914 (section 513, Code of 1930), in Truly v. Lumber Co., 83 Miss. 430, 36 So. 4, appears to be in full force in Louisiana. There is no statute in that state corresponding to section 513, Mississippi Code of 1930, abolishing the doctrine in so far as the negligence of the master is concerned. Therefore, in that state, the servant assumes not only the ordinary risk of his employment, but in addition the risk of the negligence of his master, where he is fully aware of such negligence.

In Wiggins v. Standard Oil Co., 141 La. 532, 75 So. 232, 236, the court used this language, citing previous decisions of the court: "The master is not responsible for the dangerous situation of the servant, if the danger was known to the servant or was obvious to any one of ordinary intelligence, and the servant accepted the employment knowing the danger and with ample opportunity to guard against it. See Smith v. Sellars & Co., 40 La. Ann. 527, 4 So. 333; Tillotson v. T. & P. Ry. Co., 44 La. Ann. 95, 10 So. 400; Smart v. La. Electric Light Co., 47 La. Ann. 869, 17 So. 346; Stucke v. Railroad Co., 50 La. Ann. 195, 23 So. 342; James v. Rapides Lbr. Co., 50 La. Ann. 728, 23 So. 469, 44 L. R. A. 33; Jenkins v. Maginnis Cotton Mills, 51 La. Ann. 1011, 25 So. 643; McKinney v. McNeely and Brown, 108 La. 30, 32 So. 199; Ramsey v. Tremont Lbr. Co., 121 La. 506, 46 So. 608; Alexander v. Davis Bros. Lbr. Co., 124 La. 1, 49 So. 724; McCants v. Tremont Lbr. Co., 128 La. 487, 54 So. 967."

We have a case here where the alleged negligence of the master was known to the servant in advance, and, notwithstanding such negligence and knowledge, the servant voluntarily proceeded with his work.

Affirmed.