MANGUM v. REID.

(Division B. March 29, 1937. Suggestion of Error Overruled April 26, 1937.)

[173 So. 284. No. 32665.]

Hugh Gillespie, Sr., of Raymond, and **W. W. Ramsey** and **Brunini & Hirsch**, all of Vicksburg, for appellant and cross-appellee.

**M. Ney Williams,** of Raymond, and **Watkins & Eager,** of Jackson, for appellee, and cross-appellant.

Argued orally by **E. L. Brunini**, for appellant, and by **Pat Eager**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Mangum, while driving a school truck, was injured by a collision with a log truck in the state of Louisiana on highway 80 about 2½ or 3 miles west of the bridge across the Mississippi river. The school truck was 86 inches wide with no clearance lights as required by the laws of Louisiana for motor vehicles exceeding 70 inches in width. Appellant had been to Rayville, La., moving a party there from Smith county, Miss., and was returning to Mississippi, and while upon the highway between Tallulah, La., and the bridge across the river, met two log trucks. The first one had clearance lights and he passed that in safety, but the second had no clearance lights. It is contended by the appellant, plaintiff in the court below, that one of the logs was protruding from the log truck, and that by collision with this log the side of the school truck was torn from its moorings or fastenings and he was struck by the debris so created and seriously injured and his steering wheel was broken. He was not able to identify the driver of either of the log trucks, and the school truck being put out of commission, some one picked appellant up, and carried him to the hospital in Vicksburg where he was treated for his injuries.

We do not deem it necessary to discuss at length the proof as to the failure of the appellant to identify the owners of the log trucks, because, in our view, a peremptory instruction should have been granted for the defendant, appellee here. This case is governed by the laws of Louisiana and not those of Mississippi. By sub-

section 7 of section 5239, Dart's Louisiana General Statutes, it is provided that, "All vehicles not heretofore in this section required to be equipped with specified lighted lamps, shall carry one or more lighted lamps or lanterns displaying a white light visible, under normal atmospheric conditions, from a distance of not less than five hundred (500) feet to the front of such vehicle and displaying a red light visible, under like conditions, from a distance of not less than five hundred (500) feet to the rear of such vehicle."

By subsection 5 of the same section it is provided that, "Every motor vehicle, other than any road-roller, road machinery or farm tractor, in excess of seventy (70) inches, and a length exceeding fifteen (15) feet, shall carry two clearance lamps on the left side of such vehicle, one located at the front and the other at the rear of the body of the vehicle and both displaying a white light visible, under normal atmospheric conditions, from a distance of five hundred (500) feet to the front of the vehicle, and both displaying a red light visible, under like conditions, from a distance of five hundred (500) feet to the rear of the vehicle."

By appellant's own testimony, he did not have these clearance lights upon the school truck, consequently, he was guilty of negligence in operating a motor vehicle without such lights, after dark upon the highways of Louisiana. Of course, the purpose of such lights is to inform an approaching vehicle driver of the size of the vehicle, so that a collision may be avoided. From the character of the injuries, and the admission of appellant, it is disclosed that he had no clearance lights as required by the laws of Louisiana. The driver of the log truck, under the laws of Louisiana, had a right to assume that if the approaching truck was more than 70 inches in width, it had such clearance lights which would enable him to judge of its width.

It is clear from the testimony that both vehicles, the

school truck and the second log truck, were disregarding the law and were operating trucks without the requirements of the Louisiana statutes, supra.

In Boothe v. Teche Lines, Inc., 165 Miss. 343, 143 So. 418, 420, we said that, "Under the law of Louisiana, contributory negligence is a complete defense to an action of tort. The court recognized that the substantive rights of the parties were governed by the laws of Louisiana."

In Viator et ux. v. Talbot, 18 La. App. 124, 137 So. 84, the Louisiana court held that a violation of the statute regulating the width of vehicles and clearance lamps, intended for the safety of people using highways, constitutes negligence per se.

In the case of Watson v. Mundinger (La. App), 144 So. 620, the Louisiana court said that where both parties were negligent in a collision, neither can recover.

In Schmidt & Zeigler, Ltd., v. Carroll (La. App.), 161 So. 785, the Louisiana court held that where there was a failure to have headlights as required by the law (Gen. St. La. [Dart] section 5239), and there was a collision, this was negligence, but unless it could be shown that there was causal connection between said negligence and the ultimate damage, the negligence cannot be said to have been the proximate cause thereof.

In the case at bar, it is clear from the record that the truck operated by appellant exceeded the statutory width allowed such vehicles, and that there was a causal connection between the absence of clearance lights and the injury. See, also, Guillory v. Shaddock et al. (La. App.), 158 So. 681; Aycock v. Burnett et al., 157 Miss. 510, 128 So. 100.

It follows from what we have said that the court below should have granted the peremptory instruction requested, and that the plaintiff, appellant here, was not entitled to a recovery.

Therefore, the case will be reversed on the cross-appeal and the suit dismissed.

Reversed and suit dismissed.