TRI-STATE TRANSIT CO. OF LOUISIANA *v.* MONDY.

(Division A. April 19, 1943.)

[12 So. (2d) 920. No. 35313.]

**R. H. Dale,** of Columbia, and **Benj. W. Miller,** of Boga-lusa, La., for appellant.

Henry Mounger, Bernard Callender, and Hall & Hall, all of Columbia, for appellee.

Argued orally by **Benj. W. Miller**, for appellant, and by **Lee D. Hall**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

On August 20, 1942, appellee Mondy filed a declaration in the circuit court of Marion County, Mississippi, seeking to recover a personal judgment against appellant, Tri-State Transit Company of Louisiana, Inc. (which will be called Transit Company in this opinion), for personal injuries she claims resulted to her from negligence of the Transit Company while she was a passenger on its bus in the City of Bogalusa, Louisiana, October 18, 1941. Transit Company is a corporation chartered, organized and existing under the laws of Louisiana, but is domesticated and has an agent for personal service of process and is operating as a common carrier of passengers by bus in Mississippi; and its operations extend through Marion County.

On September 15, 1942, Transit Company filed the present bill in the chancery court of Marion County to enjoin the prosecution of said law action, on which a temporary injunction issued without notice.

Mondy answered the bill and moved a dissolution of the injunction. The chancellor, on the pleadings and proof, dissolved the injunction, dismissed the bill, assessed Transit Company with all costs, and awarded

Mondy $250 damages, from which decree the Transit Company appeals.

The bill sets out a number of grounds for enjoining the law action, the first and principal one being that at the time of the alleged tort she was a resident citizen of, and domiciled in, the Parish of Washington, Louisiana, where the cause of the action arose, and that she came to Mississippi a short time before instituting her action here with the intention of remaining here temporarily and only until the litigation shall have terminated, for the purpose of evading the laws of Louisiana, and to obtain the advantage of trial under the laws and in the courts of Mississippi, which, it is asserted, are more favorable to her case than those of Louisiana. Practically all of the testimony taken on the hearing was directed to the question of whether Mississippi, at the time she filed her suit, was the domicile or the temporary residence of Mondy. The question is immaterial; she had the right to resort to the courts of this state even though a temporary resident thereof. In Pullman Palace Car Co. v. Lawrence, 74 Miss. 782, 22 So. 53, 55, although both plaintiff and defendant were citizens of Illinois, where the tort and injury occurred, the court, on the point under consideration, said: "Until the hearing of the able and exhaustive oral argument of appellant's counsel in support of this assignment, we had supposed there was, in our own state, no ground left for dispute that in transitory actions, whether in tort or on contract, our courts were wide open to any suitor, resident or non-resident, against his adversary, whether resident or nonresident, whether a natural person or an artificial one, regardless of where the right of action occurred, if only the courts had jurisdiction of the subject-matter, and could obtain jurisdiction of the party, either by a voluntary appearance, or by service of process," citing a number of authorities. Transit Company operates a motor transportation line for the conveyance of passengers

through Marion County, and, under Section 496, Code of 1930, the action could be brought in that county, and has designated an agent resident in Hinds County, Mississippi, upon whom process can be served and jurisdiction of the person of the Transit Company acquired under Section 4140, Code of 1930.

But if the right to sue depends upon residence or domicile of plaintiff, as appeared to be the theory of the Transit Company on the trial of this cause, the chancellor evidently decided the fact in favor of domicile. There was ample evidence to support the finding.

Transit Company next says the law action should be enjoined because punitive damages are not allowable in Louisiana but may be imposed in Mississippi. The answer to that in this case is that no such damages are sought in this action; it is a suit purely for actual damages.

It is next urged as a ground for injunction that contributory negligence is a complete defense in Louisiana and only a pro tanto defense in Mississippi. It is sufficient response to that contention, as well as the one next preceding, to say that the courts of this state will apply the substantive law of Louisiana, including that of contributory negligence, in the trial of this case in Mississippi. Pullman Co. v. Lawrence, supra; D'Antoni v. Teche Lines, Inc., 163 Miss. 668, 143 So. 415; Lucius v. Harris, 169 Miss. 385, 153 So. 390; Mangum v. Reid, 178 Miss. 352, 173 So. 284.

It is said in the bill in support of the injunction that statements which plaintiff might have made to others regarding the nature and extent of her injuries are admissible against her in Louisiana but not admissible in Mississippi. This is a misconception of the rule in Mississippi unless, perhaps, such statements are made under condition recognized as confidential in this state.

It is next said that in Louisiana the proof must show ''fault'' on the part of defendant before liability can be imposed, but that in Mississippi mere proof of injury from operation of the bus, without proof of negligence,

makes out a prima facie case of liability against defendant. Transit Company has misread Section 1580, Code of 1930; that section applies only to engines, cars, etc., "running on tracks."

It is further urged as a ground for the injunction that "Under the jurisprudence of Louisiana, the Appellate Courts review both the law and the facts in every case, and render such judgment as the Court below should have rendered," but "under the laws of Mississippi, the Appellate Courts will not disturb the finding of the facts by a jury unless there is no evidence to support the same." We do not undertake to state the exact degrees of variance between the rules of Louisiana and Mississippi governing consideration by their respective appellate courts of fact-finding by the juries, or whether the rule in Louisiana has been accurately stated, but the quoted statement does not accurately state the rule in Mississippi. A number of adjectives have been used by this court in describing conditions under which it will override the findings of the jury, such as where the verdict is manifestly incorrect, or against the preponderance or the great weight of evidence; and it has often happened that this court has held that a peremptory instruction on the facts should have been given to one party or the other, and has entered the judgment here which should have been rendered by the lower court. But no authority is cited, and we know of none which denies jurisdiction to the court of one state because of differences in rules of procedure, or in the powers of the respective courts as compared one with the other. Such differences exist between courts of all the states.

It is next said that Mondy was examined by a doctor in Louisiana after her alleged injury and that this doctor can testify, over her objection, in that state, but not in Mississippi. That is true in Mississippi; but, looking to the merits and effect in practical operation of the rule, there is much room for doubt whether it is of benefit or disadvantage to defendants. Refusal of plaintiff to waive

the privilege, objection by plaintiff to the doctor's evidence when offered, all in the presence of the jury, and the granting unto defendant, if requested, an instruction that the failure of plaintiff to introduce an available witness justifies the conclusion his testimony would be against plaintiff, as was held proper in Killings v. Metropolitan Life Ins. Co., 187 Miss. 265, 192 So. 577, 131 A. L. R. 684, greatly mitigate, if they do not entirely eliminate, any supposed injury from the stated rule. But, be that as it may, no case has been cited, and we have found none, which holds that the courts of one state have no jurisdiction because, and only because, the rules of evidence may be different from those of the state where the right of action arose. There are varying degrees of differences in the rules of evidence of all the states.

It is stated in the bill that all of the witnesses for the Transit Company reside in Louisiana and cannot be brought to Mississippi by compulsory process and their evidence will have to be given by depositions—an unsatisfactory manner of introducing testimony. This contention would carry much force if the facts, as stated, had been proved. But they were not proved. The bill was sworn to by local counsel for the Transit Company, "to the best of his knowledge and belief." The bill does not waive answer under oath. The answer denies the foregoing allegations in the bill, and it is sworn to by Mondy as of personal knowledge. There was no testimony taken on these allegations. The burden was upon the Transit Company to establish the facts. A bill sworn to by a solicitor of complainant is not within Section 383, Code of 1930, abolishing the rule requiring two witnesses, or one witness and corroborating circumstances, to overthrow an answer denying the allegations of the bill, where the bill is sworn to by the complainant. Jacks v. Bridewell, 51 Miss. 881; Waller v. Shannon, 53 Miss. 500; Fant v. Fant, 173 Miss. 472, 162 So. 159.

It is also said in the bill that a Dr. Lafferty, a prominent surgeon of Bogalusa, is the chief witness of the

Transit Company, that he examined Mondy shortly after the accident and found her injuries to be slight, and that he would not be available as a witness at the trial in Marion County, Mississippi. The answer denies all of these allegations except the fact of the examination; and the state of proof as to them is the same as that set out in the next preceding paragraph.

The last contention of the Transit Company is that it procured an injunction in the equity court of Washington Parish, Louisiana, restraining Mondy from prosecuting this action at law. The proceeding was under Louisiana Act No. 179, of 1918, reading: "Where the defendant in any suit or proceeding has his legal domicile in the parish where a suit is pending but has no agent or other legal representative in the parish, and no fixed place of residence, with a person living there competent to receive service of process, and is shown by proof to the court to be in another State, then the court on proper application may appoint a curator ad hoc to represent him, and upon whom service may be made." Section 1 (15). There was no personal service of process on Mondy. The judgment was rendered October 24, 1942. Mondy contends that the facts do not bring her within that statute; but whether that be true or not, if issues were joined and proof taken thereon, we do not think that injunction can be made the basis for obtaining another injunction in this proceeding for these reasons:

1. This record does not show what consideration, if any, was given, or should have been given, this contention by the chancellor. The proceedings in the Louisiana court are presented in this cause as exhibits to a supplemental bill herein, which recites that it was filed after leave of the court had been obtained, but no order granting such leave is in the record. Nor is the date of the filing of this supplemental bill shown. The affidavit to it is dated October 28, 1942. That was the day this cause was tried before the chancellor. There is no process on, nor answer to, the supplemental bill. The final decree

does not mention it. That decree mentions only the bill. We cannot put the chancellor in error on this, if there was error, when it is not shown it was properly a part of the case and was presented to and heard and considered by him.

2. But, conceding the validity of the injunction proceeding, we do not think that injunction can be made the ground or the issuance of another injunction here. Its validity and effect are matters to be, and properly may be, pleaded and contested as a defense in the law action, and, as to that, the Transit Company has an adequate remedy at law.

Affirmed.