437 So.2d 56 (1983)
Robert EDWARDS
v.
CLEVELAND FOOD, INC., D/B/A Sunflower Food Store.
No. 53812.
Supreme Court of Mississippi.
September 7, 1983.
McTeer & Bailey, Willie L. Bailey and Willie Griffin, Greenville, for appellant.
Lake, Tindall, Hunger & Thackston, W. Wayne Drinkwater, Jr., Greenville, for appellee.
Before PATTERSON, HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Robert Edwards appeals from a judgment of the Circuit Court of the Second Judicial District of Bolivar County in favor of Cleveland Food, Inc., d/b/a Sunflower Food Store.
Cleveland Food, Inc., a corporation, owns the Sunflower store in Cleveland, and was sued by Edwards following his falling in the store. When Edwards rested his case in chief, the circuit judge sustained Sunflower's motion for a directed verdict for lack of showing any negligence, and entered judgment in favor of Sunflower. Persuaded sufficient evidence was adduced to withstand the motion, we reverse and remand.
This is the only issue addressed on this appeal.
Edwards was a customer in the defendant's Sunflower store in Cleveland on December 20, 1979, when he slipped and fell on a wet place in the store. He sued for injuries sustained in the fall.
*57 Edwards did not know what the wet substance was on the floor. After his fall, the store manager, James Williams, told him it was milk.
Williams and two store clerks assisted Edwards, a corpulent individual, in getting up following his fall. Edwards quoted Williams as stating:
"Somebody left some milk down here. Some milk was wasted. You Hurt?"
Edwards responded, "Yeah."
Williams then directed some employee of the store: "Go get the mop and get this milk up. Finish gettin' the milk up." (Emphasis added).
Edwards described the condition on the floor as follows:
"It was wet. It looked like it had been mopped up but not good  "
And again:
"It was smeared like water. Like you mop and don't mop it all up. It was damp."
At the beginning of the trial of this cause, Edwards called Williams as an adverse witness, and had asked him a few questions, establishing he had been store manager for several years, and knew Edwards as a customer, when defense counsel interposed an objection.
Counsel then approached the bench, and the record reveals the following:
"(WHEREUPON, COUNSEL FOR BOTH PARTIES APPROACHED THE BENCH FOR A BRIEF CONFERENCE OUT OF THE HEARING OF THE COURT REPORTER).
(WHEREUPON, THE COURT, COUNSEL FOR BOTH PARTIES, THE CIRCUIT CLERK, AND THE COURT REPORTER RETIRED TO CHAMBERS).
IN CHAMBERS
(Discussion off the record about adverse witness)
BY MR. BAILEY: We'll withdraw and proceed with the Plaintiff in this case." (Emphasis added).
Edwards called two other customers who were in the store at the time of his fall, but neither furnished any information about the substance on the floor.
Following conclusion of plaintiff's case in chief, the circuit judge sustained a motion for directed verdict in favor of the defendant.

LAW
The declaration in this cause charged the plaintiff "... slipped and fell in spilled milk that was negligently mopped up by an employee of the defendant." In the pretrial order, the plaintiff claims: "Prior to plaintiff entering the store some milk or liquid substance was spilled on the floor. An employee of the defendant half mopped the milk up."
On this appeal we apply two well-known principles, the duty of care a store owner owes a customer, and the rule governing granting or denying a motion for a directed verdict.
As to such a store proprietor, in Millers of Jackson, Meadowbrook Road, Inc. v. Newell, 341 So.2d 101 (Miss. 1977), we said, at 103: "Furthermore, our law requires that he must remove those hazards of which he has actual or constructive notice."
In Downs v. Corder, 377 So.2d 603, 605 (Miss. 1979), we cited 65 C.J.S. Negligence § 63, at 734, as follows:
The duty of reasonable care owed to an invitee includes the exercise of such care and protection of the invitee and the finding of reasonably discoverable conditions which may be dangerous, and if such are found, the occupant of the premises has a duty to correct them, or to warn the invitee thereof.
In this case, on liability, the following questions of fact were for determination: (1) Was there a hazard on the floor? (2) Did the employee know of the condition? and (3) Had they taken reasonably necessary steps to (a) correct it, or (b) warn customers of the danger?[1]
*58 In Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652, 655 (Miss. 1975), we stated:
We have held many times that in passing on a motion for a directed verdict the court must look only to the testimony adduced for the plaintiff and accord truthfulness to it and indulge all favorable inferences that could be drawn therefrom, and if either is sufficient to support a verdict, then the motion for a directed verdict should be overruled. We have also stated in considering a motion for a directed verdict that it should be overruled even though a verdict in favor of the plaintiff would be contrary to the overwhelming weight of the evidence. King v. Dudley, 286 So.2d 814 (Miss. 1973).[2]
These two principles are so well embedded there is no need to cite additional authority from the litany of cases in which we have considered them.
Taking the undisputed testimony and all favorable inferences that can be drawn therefrom, we find that a jury question was presented on whether there was a hazard on the floor. Although somewhat more difficult of application, we also find that there was sufficient evidence to withstand the motion for a directed verdict as to whether the employees had learned of the condition and taken reasonably necessary steps to correct it. They manifestly did nothing to warn of the danger.
Sunflower argues the etiology of the physics of this floor condition, scienter by the store employees, as simply speculative. Of course, they are "speculative." But, what inferences may be "speculated" with reasonable probability, giving the plaintiff the benefit of the rule? This is the principle to which we must adhere. Many inferences could be drawn from the evidence, some of them unfavorable, but we are restricted to the favorable testimony and favorable inferences.
This suit was brought on the allegations that the store had not taken proper steps to remove from the floor the hazard of some spilled milk.
The store manager stated, "Finish getting the milk up." Edwards testified the floor appeared to have been mopped up, but not good, and it appeared that not all of it had been mopped up.
Adopting as we must the favorable inference from the testimony we find there was sufficient testimony for initial submission to the jury on the question of whether the store employees had discovered, and then taken reasonably necessary steps to remove the hazard of spilled milk from the floor.
In the interest of judicial economy it is unfortunate defense counsel objected to Williams' testifying as an adverse witness (if that in fact was the basis of his objection  the record is not clear), because his testimony in all likelihood would have removed serious questions on the existence of liability. It was manifestly proper that he be called as an adverse witness and testify as such. Counsel for plaintiff, however, voluntarily decided to withdraw Williams as a witness, made no record, and assigned no error on this aspect of the trial. This question, therefore, is not before us.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER and BROOM, P.JJ., ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] No question of constructive notice is presented in this case because there is no evidence from which it can be deduced how long the milk had been on the floor before Edwards fell.
[2] In a request for a peremptory instruction at the conclusion of the case, or motion for judgment notwithstanding the verdict of the jury following trial, a slightly broader test governs. Paymaster Oil Mill Company, supra. We are only concerned here with the propriety of granting a directed verdict for the defendant.