453 So.2d 1035 (1984)
Linda GOODWIN (Jones)
v.
GULF TRANSPORT Company.
No. 54993.
Supreme Court of Mississippi.
August 8, 1984.
C.R. McRae, Pascagoula, for appellant.
H. Rodger Wilder, Eaton, Cottrell, Galloway & Lang, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal arises from a personal injury action brought by a passenger against a bus company. The passenger claims that, while exiting the bus, she stepped on a slippery substance, fell and was hurt. The trial court held that the passenger failed to prove the bus company's actual or constructive knowledge of the slippery substance and directed a verdict against the passenger. We affirm.
On June 30, 1976, Linda Goodwin (Jones) was a passenger for hire on a Gulf Transport Company bus heading for Pascagoula, Jackson County, Mississippi. En route she developed a toothache and asked the driver if she could get off the bus in Lucedale to get some aspirin. When the bus reached Lucedale, the driver got off. Shortly thereafter Goodwin alighted, slipped and fell.
Exiting the bus involves walking down three steps. Goodwin attempted to negotiate *1036 these steps but when her foot reached the second she encountered a red liquid and fell, sustaining the injuries complained of here.
No evidence adduced at trial explained what the red liquid was, how it got on the step or how long it had been there. There was certainly no evidence that it was put there by anyone associated with Gulf Transport. Goodwin further failed to show that anyone associated with the bus company  the bus driver in particular  had notice of the liquid. The evidence was equivocal as to whether other people had used the steps of the bus during the time between the bus driver's exit and Goodwin's fall.
Gulf Transport Company is a carrier of passengers for hire. As such it is required to exercise the highest degree of care and diligence for the safety of its passengers. On the other hand, Gulf Transport does not, by virtue of its contract of carriage or of the positive law of the state, become an insurer of its passengers' safety. It may be held liable for personal injuries only where those have been caused by the carrier's failure to exercise this highest degree of care.
Goodwin concedes that she bears the burden of proof on the liability phase of the case. She insists, however, that because Gulf Transport is a common carrier, all she need show to establish a prima facie case, and thus avoid a directed verdict, is that: (1) she was a passenger on the Gulf Transport vehicle; (2) the accident occurred; and (3) she was injured. Such proof Goodwin contends creates a presumption of negligence, albeit one rebuttable. In support she cites Stokes v. Saltonstall, 38 U.S. (13 Pet.) 181, 192-193, 10 L.Ed. 115 (1839), which being on a point of common law is hardly binding here.
We have cases which discuss a presumption of the sort urged by Goodwin, but we do not read these cases to announce a general rule. They involve railroads and refer to a presumption derived from a specific statute originally enacted in 1880 and amended and recodified periodically up to its present form in Miss. Code Ann. § 13-1-119 (1972) which announces that
"Injury inflicted by the running of the locomotive or cars of such company shall be prima facie evidence of want of reasonable skill and care."
This statute yields Goodwin no advantage because this railroad presumption has never been applied to other types of carriers, see Tri-State Transit Co. v. Mondy, 194 Miss. 714, 725-26, 12 So.2d 920, 922 (1943) (bus was carrier and applicability of statute was denied), nor from its terms or its history is there any basis for inferring an application to carriers other than railroads. Chicago, St.L. & N.O.R.R. Co. v. Trotter, 60 Miss. 442, 446 (1882). Regarding injuries on public buses, "[t]he burden of proof is upon plaintiff to show by a preponderance of the evidence that the defendant was guilty of negligence." Gates v. Greyhound Corp., 197 F. Supp. 341, 344-45 (S.D.Miss. 1960).
The upshot of all this is that Goodwin was too optimistic in her reliance upon Saltonstall. In Mississippi, the presumption of negligence is applicable only to railroads, and further, the presumption appears to yield no greater advantage than does the doctrine of res ipsa loquitur. There are, therefore, no special presumptions relating to common carriers such as buses that Goodwin may invoke so as to alleviate her burden of going forward with proof of negligence.
Mississippi is not alone in its refusal to create any presumption of negligence of the sort urged by Goodwin here. Suffice it to note a general statement of the rule found throughout the country as articulated in Annotation, Liability of Motor Carrier to Passenger Injured from Fall because of Litter, Debris, or Object on Floor of Bus, 74 A.L.R.2d 1336 (1960), to wit:
"The courts have agreed, in the few cases in which the point has been discussed, that no presumption of negligence on the part of a bus company arises from the mere fact that a passenger fell on litter, debris, or an object on the floor of the bus, but rather have held *1037 that it is incumbent on the plaintiff to present extrinsic facts showing that the carrier was negligent." 74 A.L.R.2d at 1339.
Our general rules applicable in slip-and-fall cases provide the proper framework for evaluating Goodwin's claims. Under our law, before a party such as Gulf Transport may be held liable for personal injuries proximately caused by a passenger's slip and fall on a slippery substance on the bus, the plaintiff must provide credible evidence (a) that the substance was put there by the bus company or one of its agents, or (b) that it was otherwise within the company's actual knowledge, or (c) that the substance had been on the floor of sufficient length of time that the bus company, had it been exercising the highest degree of care, would have obtained knowledge of it. Douglas v. Great Atlantic & Pacific Tea Co., 405 So.2d 107, 110-111 (Miss. 1981).
In evaluating such a claim, we recognize, of course, our procedural posture. Plaintiff has rested and Defendant has moved the Court for a directed verdict, urging that the evidence is insufficient as a matter of law to support a verdict for Plaintiff, assuming, of course, that Defendant goes forward and offers no proof.
The rules by reference to which we consider such a motion are set forth in General Tire and Rubber Company v. Darnell, 221 So.2d 104, 105 (Miss. 1969); Paymaster Oil Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975); and City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983). Those cases involved requests for peremptory instructions or motions for judgment notwithstanding the verdict. The same standards apply when a motion is made for a directed verdict at the close of the plaintiff's case except that at that time all the evidence the court has before it is that offered by the plaintiff. Edwards v. Cleveland Food, Inc., 437 So.2d 56 (Miss. 1983).
In the Edwards case, plaintiff claimed that she slipped and fell on a slippery substance in defendant's grocery store. Because there was evidence, albeit weak, from which it could fairly have been interpreted that the slippery substance had been known to the defendant prior to plaintiff's fall, we held that plaintiff had made out a prima facie case sufficient to withstand a motion for directed verdict.
In the case at bar, however, there is no such proof. Plaintiff does not even try to show that the red liquid was put there by an agent or employee of the bus company or that the company had actual knowledge of it. Only half-heartedly does she assert that the bus company had constructive knowledge and adequate time to clean up the substance prior to the fall. Our review of the record reflects no evidence sufficient to charge Defendant bus company with actual or constructive notice, even accepting that the company has a high duty of care to its passengers. Hollie v. Sunflower Stores, Inc., 194 So.2d 217, 220-22, (Miss. 1967); Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 918 (Miss. 1966).
In a nutshell, Plaintiff has placed her eggs in the basket of the prima facie theory discussed above. Failing there, her appeal fails altogether.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
PATTERSON, C.J., and BOWLING, J., not participating.