ANDERSON, Justice,
for the Court:
Gerome Gray was employed by Alumax Extrusions, Inc., at its Hernando plant, under the terms of a collective bargaining agreement between Alumax and Local No. 204 of the Aluminum Workers International Union. On December 5, 1979, he suffered a broken foot in a forklift accident. Thereafter he went to Methodist South Hospital in Memphis, where he was treated by Dr. Henry T. Stratton, a bone specialist. Gray, allegedly acting on Dr. Stratton’s advice, stayed away from work for the entire month of December. As a result, Alumax dismissed him from his job on December 29. Gray, contending that his dismissal violated the collective bargaining agreement, filed a bill in the Chancery Court of DeSoto County seeking reinstatement and back pay.
The agreement between the company and the union provided that where an employee remains away from work without excuse for three days after a doctor authorizes his return, that employee may be terminated. Gray did not testify at the trial, but called Sam Williams, Alumax’ personnel manager, as an adverse witness. He announced plans to call a union official also, but the latter failed to appear; consequently, Williams’ testimony was the only evidence before the chancellor.
The resulting account is far from clear, but it appears that after being billed by Dr. Stratton, Alumax advised both Dr. Stratton and Gray that any further treatment would have to be administered by the company’s doctor. Gray apparently saw this doctor and was told to return to work on December 26.
Gray however, continued to see Dr. Stratton and received contrary advice; Stratton told him not to go back to work until he (Stratton) told him he could. Gray apparently preferred Stratton’s advice; when he failed to appear on December 29 (three days after the date of return ordered by Alumax’ doctor) he was dismissed.
The collective bargaining agreement prescribes a three step procedure for employees who feel aggrieved by a dismissal; the process is supposed to culminate in a meeting between company officials, union representatives, and the employee. Gray initiated the process. It is not clear from the record whether the company’s action was upheld on the merits or whether Gray simply let the matter drop. What is known is that Gray did not successfully complete the process.
After Gray rested, Alumax moved that his evidence be excluded and the bill dismissed. The chancellor granted the motion. Gray’s appeal of that ruling is now before us.
In a bench proceeding, a motion of this type is governed by Rule 41(b) of the Mississippi Rules of Civil Procedure. This rule has effected a change from previous Mississippi practice. Formerly, such a motion could be granted only if all of the evidence and reasonable inferences therefrom, when considered in the light most favorable to the non-moving party, could not support a claim for relief. Rule 41(b) imposes no. such requirement. Rather, the trial judge or chancellor must consider the non-moving party’s evidence and give it such weight and credibility as he would *1357 ascribe to it if he were making findings of fact and rendering final judgment. If he then finds that this evidence, even though unrebutted, would not support the plaintiff’s claim for relief, he should then grant the motion and dismiss the action. Davis v. Clement, 468 So.2d 58, 61 (Miss.1985).
Once a chancellor has done this, his decision on the motion is, for purposes of appeal, treated like any other finding of fact. In other words, his decision will not be disturbed on appeal unless it was manifestly wrong. Davis, supra, at 62; Smith v. Todd, 464 So.2d 1155, 1157 (Miss.1985); Cheek v. Ricker, 431 So.2d 1139, 1143 (Miss.1983).
Suffice it to say that the record before us furnishes no basis for saying that the chancellor’s finding was manifestly wrong. Accordingly, his ruling is affirmed with prejudice as to this defendant, Alumax Extrusions, Inc.
AFFIRMED.
PATTERSON, C.J., and WALKER and ROY NOBLE LEE, P.JJ, and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.