492 So.2d 1291 (1986)
Helen S. CROENNE, Executrix of Last Will and Testament of Leon E. Croenne, Jr.
v.
Joseph H. IRBY.
No. 56745.
Supreme Court of Mississippi.
August 20, 1986.
Thomas Wright Teel, Walter Wesley Teel, Sekul, Hornsby & Teel, Biloxi, Dale Robinson, Gulfport, for appellant.
Dean Holleman, Boyce Holleman, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
*1292 ROBERTSON, Justice, for the Court:

I.
In the context of an action for an accounting incident to the dissolution of a partnership, we are again called upon to make clear the standards a trial judge must employ in a non-jury case when considering a motion to dismiss at the end of the plaintiff's case.
In the action below the trial judge correctly applied Rule 41(b), Miss.R.Civ.P. en route to finding that a limousine service partnership had long since been dissolved and dismissing plaintiff's action without requiring defendant to go forward with his proof. Because there lies within the record substantial evidence consistent with the trial judge's findings, we affirm.

II.
In September of 1968 Leon E. Croenne, Jr., and Joseph H. Irby formed a business partnership to provide limousine service between Gulfport, Mississippi and the New Orleans International Airport. Adopting the trade name Mississippi Coast Limousine Service, the partnership obtained a Motor Carrier Permit from the Interstate Commerce Commission and commenced doing business.
Croenne and Irby each borrowed funds with which to operate and maintain the business which for several years continued to operate at a loss. As of December 31, 1971, the debts of the partnership amounted to approximately $80,000.00. At that time Croenne was experiencing financial difficulties in a separate business venture in which he was involved, a professional building maintenance and cleaning business. In 1972 Croenne withdrew from active participation in the limousine service to devote his full attention to his janitorial business. Irby and his wife took over full responsibility for the operation of the limousine service.
Herein arose the principal factual issue at trial: whether in 1972 the partnership was dissolved with Irby acquiring the entire business or, on the other hand, whether the partnership remained in existence with Croenne merely becoming a silent partner. In any event, it is undisputed that Croenne's participation in the partnership was meager after 1972.
In 1981 Irby incorporated Mississippi Coast Limousine Service with the incorporaters being his wife, Ruth Irby, his son, Joseph M. Irby, and himself. Croenne was not advised of and had no knowledge of the incorporation. In 1983 Irby decided to transfer the ICC Motor Carrier Permit and Certificate to the corporation and at that time to strike Croenne's name from the Certificate as it had appeared since 1970. Upon the advice of counsel, Irby sent to Croenne a document entitled "Agreement Of Sale And Purchase", requesting that Croenne sign his name on the document so that the transfer of the Certificate could be accomplished. There was no offer by Irby to pay Croenne anything for signing the documents.
Upon receiving the documents, Croenne sought the advice of counsel and declined to sign. Instead, he demanded an accounting and a financial statement on the limousine service and claimed that he was entitled to a share of the partnership assets. Irby refused these demands and on February 3, 1984, Croenne filed suit in the Chancery Court of the First Judicial District of Harrison County, Mississippi, naming Irby as defendant demanding an accounting and judgment against Irby for his share of the partnership assets. After his deposition had been taken but before trial, Croenne died and his surviving wife, Helen S. Croenne, as executrix of his last will and testament, was substituted as party plaintiff. See Rule 25(a), Miss.R.Civ.P.
The matter was called for trial on May 20, 1985. The evidence offered on behalf of Plaintiff, Helen S. Croenne, Executrix, consisted of the testimony of Joseph H. Irby as an adverse witness together with the deposition of Leon E. Croenne, Jr., coupled with numerous documents and exhibits. At the conclusion of the Plaintiff's case, counsel for Irby moved the dismissal *1293 of the complaint. See Rule 41(b), Miss.R. Civ.P. Upon hearing oral argument of counsel, the Chancellor sustained the motion and on June 21, 1985, entered final judgment in favor of Defendant, Joseph H. Irby. This appeal has followed.

III.
Croenne argues that the Chancellor employed an incorrect standard in considering Irby's motion to dismiss made after Croenne had rested her case. The matter is controlled by Rule 41(b), Miss.R.Civ.P., which, in pertinent part, provides:
After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant ... may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). [Miss.R.Civ.P.]
Our recent decisions in Mitchell v. Rawls, 493 So.2d 361, 362-63 (Miss. 1986); Gray v. Alumax Extrusions, Inc., 477 So.2d 1355 (Miss. 1985); Davis v. Clement, 468 So.2d 58 (Miss. 1985) make clear that Rule 41(b) means what it says. For example, Gray directs that
The trial judge or chancellor must consider the non-moving party's evidence and give it such weight and credibility as he would ascribe to it if he were making findings of fact and rendering final judgment. If he then finds that this evidence, even though unrebutted, would not support the plaintiff's claim for relief, he should then grant the motion and dismiss the action.
477 So.2d at 1356-57; see also Mitchell v. Rawls, 493 So.2d 361, 362-63 (Miss. 1986);
Davis provides that
The trial judge must, as a matter of law, deny the motion to dismiss and require the defendant to go forward with his evidence if, and only if, considering that the evidence offered by the plaintiff were all of the evidence to be offered in the case, the trial judge would be obligated to find in favor of the plaintiff.
468 So.2d at 61.
This is what is meant by the rule's injunction that the trial judge consider whether "upon the facts and the law the plaintiff has shown no right to relief".
Rule 41(b) goes on to provide that, if the trial judge renders judgment on the merits against the plaintiff, he may support that judgment with findings and conclusions as contemplated by Rule 52(a), Miss. R.Civ.P. This the chancellor did in the case at bar, as he made findings
[t]hat since 1972 the defendant has owned and managed the Mississippi Coast Limousine Service business. The Court finds that there have been no business dealings between the Plaintiff [Croenne] and the Defendant [Irby] since 1972, and that there has neither been participation by the Plaintiff in the subject business since 1972 nor has the Plaintiff made any payments on the debts of the business.
Therefore, the Courts finds that the Plaintiff did not meet his burden of proof by proving by a preponderance of the evidence that a business relationship and/or partnership existed between the Plaintiff and the Defendant after 1972.
No doubt, our law vests a certain amount of discretion in the chancellor faced with a Rule 41(b) motion, a point we made clear in Davis, 468 So.2d at 61. Sound discretion imports decision by reference to valid standards. Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss. 1985). Rule 41(b) furnishes our standards today, and we find that the Chancellor gave all deference due those standards.

IV.
Having concluded that the Chancellor employed the correct standards in considering *1294 Irby's motion to dismiss, we are next called upon to articulate the scope of our review of the Chancellor's findings. Here we consider that the Chancellor has found facts the same as in other cases. Accordingly, we apply the same substantial evidence/manifest error standard generally applicable when reviewing the findings of a trial judge sitting without a jury. Mitchell v. Rawls, 493 So.2d 361, 362-64 (Miss. 1986); Gray v. Alumax Extrusions, Inc., 477 So.2d 1355, 1357 (Miss. 1985); Davis v. Clement, 468 So.2d 58, 62 (Miss. 1985); see generally Carr v. Carr, 480 So.2d 1120, 1122 (Miss. 1985); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss. 1983).
The evidence reflects without contradiction that for some four years prior to 1972 Croenne and Irby were active business partners. Both agree that the status changed in 1972 and that the terms and provisions of the change were reduced to writing. Croenne claimed that in 1972 he became a silent partner but in no way surrendered his interest in the business nor did the partnership cease to exist. Irby, on the other hand, insisted that the partnership was dissolved in 1972, the general terms and provisions of which were that, in exchange for Croenne's interest, Irby assumed all of the financial obligations of the then heavily indebted business. The 1972 agreement, unfortunately, was never produced.
The evidence reflects, without serious contradiction, that, from and after 1972, Croenne took no part in the business. Croenne made no further capital contributions to the partnership he claims still existed, nor did he make any contributions toward satisfying any of the financial obligations of the business. Croenne would see Irby on the streets once or twice a year and he would inquire about the business and Irby's response would be something to the effect that, "That sucker is going to make money one of these days."
The evidence that the partnership continued after 1972 was documentary  and sparse. Irby filed documents with the Mississippi Public Service Commission in 1972 and with the Interstate Commerce Commission in 1980 and 1984 indicating that the limousine service business was a partnership with Croenne. Irby secured insurance for the business as a partnership in 1984. In 1978 Croenne signed a document for the alleged partnership to obtain tariffs for the extension of the limousine service into Alabama. Croenne also signed a renewal lease for the partnership's place of business at Keesler Air Force Base. At most these documents reflected that from time to time Irby would indicate to third parties that the nature of the business had not changed. Not much for a decade.
There appears no evidence in this record that, after 1972, Croenne rendered any services to the partnership or contributed any capital to the partnership or assisted the partnership in meeting any of its obligations, financial or otherwise. It was in this contex that the Chancellor weighed the contentions of the parties: Irby's contention that the partnership had been dissolved and ceased to exist after 1972 and Croenne's contention that he merely became a silent partner and that the partnership had continued until this day. The Chancellor found that the partnership had ceased to exist in 1972. The record is replete with evidence consistent with the proposition that no partnership existed after 1972. We cannot say that the Chancellor was wrong in his finding, much less manifestly wrong. Mitchell v. Rawls, 493 So.2d 361, 362-64 (Miss. 1986); Gray v. Alumax Extrusions, Inc., 477 So.2d 1355, 1357 (Miss. 1985); Davis v. Clement, 468 So.2d 58, 62 (Miss. 1985).
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., not participating.