493 So.2d 361 (1986)
Charles L. MITCHELL, d/b/a Mitchell Real Estate
v.
James M. RAWLS and Kerry M. Rawls.
No. 55759.
Supreme Court of Mississippi.
August 20, 1986.
*362 Ronald W. Lewis, Hill & Lewis, Oxford, for appellant.
William C. Spencer, Holly Springs, for appellee.
Before DAN M. LEE, ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is a suit for a real estate commission appealed from the Chancery Court of Marshall County. At the conclusion of the complainant's case, the appellees moved to dismiss on the ground that the complainant had not made out a case. The chancellor agreed and, near the end of his ruling, he made the following statement:
I feel that under the terms of the contract and the listing agreement that he prepared, the terms of which were used on his form of which he had full knowledge and understanding, that he is not entitled to recover in this instance. Therefore, the Defendant's motion for a directed verdict under Rule 50 will be sustained. (emphasis added)
Appellant argues here that the chancellor erred in that he did not follow the accepted standard for direction of a verdict. The general rule is that on a motion for directed verdict the court should consider the evidence in the light most favorable to the party presenting it, and indulge in all favorable inferences to be drawn therefrom, and, if either be sufficient to support a verdict, overrule the motion. Edwards v. Cleveland Food, Inc., 437 So.2d 56 (1983); King v. Dudley, 286 So.2d 814 (Miss. 1973); Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652, 655 (Miss. 1975).
The chancellor inadvertently cited Rule 50. Actually the Rule applicable is Rule 41(b), Miss.R.Civ.P., the pertinent part of which reads as follows:
After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
We have heretofore considered this question in Davis v. Clement, 468 So.2d 58, 61-62 (Miss. 1985), wherein we said:
We emphasize that this motion was presented to a trial judge sitting without a jury. In such a setting, the trial court is not required to look at the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable favorable inferences. Notions emanating from Paymaster Oil Co. v. Mitchell, 319 So.2d 652 (Miss. 1975), and many other similar cases  whether arising in the context of a motion for a directed verdict, a request for a peremptory instruction or a motion for judgment notwithstanding the verdict  have no application here.
... .
If, considering the evidence fairly, as distinguished from in the light most favorable to the plaintiff, the trial judge would find for the defendant  because plaintiff has failed to prove one or more essential elements of his claim, because the quality of the proof offered is insufficient to sustain the burden of proof cast upon the plaintiff, or for whatever reason  the proceeding should be halted at that time and final judgment should be *363 rendered in favor of the defendant. [footnote omitted]
Obviously, when there is doubt, the trial judge generally ought to deny the motion to exclude and dismiss but such is the exercise of sound discretion, not obligation imposed by law.
The construction we here give Rule 41(b), Miss.R.Civ.P., is wholly consistent with that given Federal Rule 41(b) upon which our rule has been patterned. See, e.g., Hersch v. United States, 719 F.2d 873, 876-877 (6th Cir.1983); Cox v. C.H. Masland & Sons, Inc., 607 F.2d 138, 144 n. 8 (5th Cir.1979); Woods v. North American Rockwell Corporation, 480 F.2d 644, 645-646 (10th Cir.1973); Emerson Electric Co. v. Farmer, 427 F.2d 1082, 1086 (5th Cir.1970).
Now, having pointed out the proper standard of proof, a short recitation of the facts of the case is in order. The appellant is a real estate broker and on April 28, 1982, the appellees listed their property with him. The listing was for a 90-day period and during that time the appellant was to be paid a commission regardless of who might have secured the sale and if the property was sold within a six-month period of the termination of the agreement to a purchaser to whom the appellant had shown the property or negotiated with concerning it, the commission was still due. The property was sold to a Mr. James L. Luvene in late June of 1983. Mr. Luvene had been shown the property by the appellant and another real estate broker.
Appellant did not show Luvene the property during the 90-day period but contends that the listing agreement was orally extended because of the following testimony by Mr. C.L. Mitchell:
I said, Mr. Rawls, don't you think we need to sign another listing agreement. And Mr. Rawls told me sitting there in his living room that the contract that I had was sufficient; to go ahead and operate on that contract and he would honor it.
Mr. Mitchell further testified:
Mr. Rawls told me at that time that it would be perfectly all right to go right ahead and operate under the old listing; that he and his wife were of ill health and needed to get away from here. He wanted to sell the house and he wanted me to work on it. My sign was in front of the house and remained in front of the house until I went out and got it the latter part of April [1983].
Q [By Mr. Spencer]: Well, I think that is fine. He told you he was willing to work under the old listing?
A Yes, sir.
Two witnesses other than the appellant testified on his behalf, Cecil Mitchell, his father, and James Luvene, the buyer. Their testimony was conflicting as to both events and dates leading up to the eventual sale of the house. There appears to be no dispute, however, that the efforts of the appellant were terminated prior to the sale. Also Luvene testified that the appellant was a "hindrance to the sale". The chancellor, in a colloquy with the attorneys after the close of the case but before his final ruling, made the following statement:
The main problem that I have are the things you gentlemen stated from the very inception: the issue in this case; which simply is, was the contract extended beyond its termination date by oral representations of the Defendant? And that is all it boils down to and whether it was extended under an implied version or a common law version is one of the things the Court has to consider.
The evidence here would support a finding that the contract was not extended beyond its termination date. The chancellor went to great length to point out the conflicts in the testimony, and at one point made the following statement: "It just appears to me from what I have heard at this point that the plaintiffs unfortunately have been derelict." This would appear to support a finding that the appellants were in fact a "hindrance". There appears to be a lack of specificity as to ultimate finding of facts. We proceed on the assumption that his findings of fact are consistent with the *364 judgment. In Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983), we said the following:
With respect to issues of fact where the chancellor made no specific finding, we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the chancellor resolved all such fact issues in favor of appellee. Harris v. Bailey Avenue Park, 202 Miss. 776, 791, 32 So.2d 689, 694 (1947); Cheek v. Ricker, 431 So.2d 1139, 1143-44 (Miss. 1983).
See also PMZ Oil Co. v. Lucroy, 449 So.2d 201, 205 (Miss. 1984).
We should not disturb the chancellor's finding unless manifestly wrong. We are unable to state that the chancellor's findings were manifestly wrong. Therefore, the first assignment of error is without merit.
We believe and now hold that Davis v. Clement, supra, properly announces the law applicable to a motion to dismiss in an action tried by the court without a jury, and does not overrule any prior cases but simply follows Rule 41(b) Miss.R.Civ.P. Our reasoning might better be explained by a short trip into the past. Prior to adoption of Chapter 265, Laws of 1938, now appearing as Mississippi Code Annotated § 11-5-71 (1972), a motion to exclude plaintiff's evidence and find for the defendant was allowed only on condition that defendant consider his proof closed. Further, if the motion was overruled, the complainant would then be entitled to a final decree. Griffith's Mississippi Chancery Practice, Sec. 584 (2d. Ed., 1950); Skrmetta v. Moore, 202 Miss. 585, 595, 30 So.2d 53 (1947); Partee v. Pepple, 197 Miss. 486, 502, 20 So.2d 73 (1944); Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653 (1919); Pearce v. Tharpe, 118 Miss. 107, 118, 79 So. 69 (1918); Carter v. Studdard, 118 Miss. 345, 79 So. 225 (1918).
Section 11-5-71 reads as follows:
In the trial of causes in the chancery courts of the State of Mississippi, the defendant shall have the right and be entitled to introduce his evidence, notwithstanding the fact that he may have made a motion to exclude the evidence of the complainant, and that such motion was by the court overruled.
In Partee v. Pepple, supra, the statute was construed to make the practice in chancery analogous to that in circuit court. Judge Griffith doubted the soundness of the statute and its construction. In a footnote to section 584, we find the following:
This rule is justified in practical considerations of conformity and uniformity, and also upon the principle that equity favors the fullest available development of the facts of a contested case; but when we recur to fundamental considerations its soundness is doubtful. The constitution makers of 1890 knew, when they invested the chancery court with full jurisdiction of all matters in equity, (Sec. 159 of Const.) that the supreme court had theretofore held that equity is defined as that system of justice which was administered by the high court of chancery in England, and they knew that under that system the fact finding power was vested solely in the chancellor. It would hardly be contended that, under the constitution, the legislature could validly enact a statute that all issues of fact in equity cases shall be tried by a jury with the same effect as in common law cases. Or that if a defendant rested his case without introducing any evidence whatever the chancellor must resolve every reasonable deduction and draw every reasonable inference in favor of the complainant, thus undertaking to control the chancellor's fact finding authority by legislative fiat. It would seem that a similar halter may not be put upon the chancellor by the procedural device of a statute dealing with a motion to exclude.
We have, by the adoption of Rule 41(b) Miss.R.Civ.P., reverted partially to the law applicable prior to the enactment of section 11-5-71. Most of the language of the statute appears in Rule 41(b); however, it has been modified and expanded to give the judge trying a case without a jury, when considering a 41(b) motion, the discretion *365 to rule on the facts as well as the law and to enter a final judgment on the merits. We do not hold that the defendant would suffer the penalty of having his case considered as closed on presentation of the motion. We hold simply that the chancellor may then rule on the merits.
In ruling on the appellees' motion for a directed verdict, the trial judge stated, among other things, the following:
You cannot be in the real estate business and operate out of your back pocket. It is just as simple as that. There was a time in my lifetime it could have been done. It no longer can be done. My heart goes out to the real estate broker in this case. But I feel that under the terms of the contract and the listing agreement that he prepared, the terms of which were used on his form of which he had full knowledge and understanding, that he is not entitled to recover in this instance.
It is urged that basing his statement on his prior experience in the real estate business was reversible error, inasmuch as the chancellor judicially noticed his background in the business. We do not so interpret his remarks. It was simply an admonition to the appellant that he should make some notes as to where and when he contacted his clients, and the failure to do so had hurt his case. This assignment is without merit.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, C.J., not participating.