CARLTON, J.,
for the Court.
¶ 1. Hubert Arnold Stricklin filed suit against Emergystat, an ambulance service, for alleged injuries arising out of Emer-gystat’s transport of Stricklin from hospital to hospital for treatment of a heart attack. The trial court granted summary judgment in favor of Emergystat. Strick-lin appeals. We find no error and affirm.
FACTS
¶ 2. On July 7, 2003, between 8:00 p.m. and 10:00 p.m., Stricklin began experiencing chest pains. At noon the following day, he presented to Choctaw County Medical Center (CMC) in Ackerman, Mississippi for treatment. Stricklin was diagnosed with an acute anterior myocardial infaretion-a heart attack. The physicians at CMC treated and stabilized Stricklin for transfer to North Mississippi Medical Center (NMMC) in Tupelo, Mississippi, where he would receive further treatment. CMC contacted Emergystat to arrange transport of Stricklin seventy-five miles to NMMC. Emergystat arrived at CMC and began transporting Stricklin at 3:25 p.m.
¶ 3. Approximately twenty minutes en route, the ambulance overheated. Emer-gystat immediately contacted its dispatcher who sent another ambulance to complete the transfer. Emergystat’s records indicate that the second ambulance was dispatched within ten seconds of the breakdown and en route within one minute. The replacement ambulance arrived approximately one hour after the breakdown. Stricklin was quickly loaded into the replacement ambulance and transport was resumed within twelve minutes. Stricklin arrived at NMMC at 6:04 p.m.
¶ 4. Upon his arrival at NMMC, Strick-lin was treated by cardiologist Dr. Jimmy Johnson, who diagnosed Stricklin with a continuing infarction. Dr. Johnson performed a left heart catherization and a left ventriculogram. Thereafter, Dr. Roger Williams, a second cardiologist, performed an angioplasty and installed a stint to restore Stricklin’s blood flow. As a result of the heart attack, Stricklin lost a substantial amount of heart tissue.
¶ 5. Stricklin filed a complaint against Emergystat alleging various theories of negligence[1] and breach of contract. Stricklin alleged that Emergystat was negligent for failing to transport him in a timely manner, failing to utilize properly working equipment, failing to render proper emergency care, and failing to adequately train and supervise its employees. Stricklin contended that the one-hour delay and the prolonged exposure to the July heat caused him to lose additional heart tissue. Emergystat filed a motion for summary judgment which was granted by the trial court on the basis that Stricklin failed to put forth sufficient evidence that Emergystat breached any duty or that he suffered any damage as the proximate result of any breach. All of Stricklin’s arguments on appeal urge us to determine the trial court erred in granting summary judgment to Emergystat.
STANDARD OF REVIEW
¶ 6. The grant or denial of a motion for summary judgment is reviewed de novo. McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss.2002). Summary judgment is proper when “[the evidence in the record] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment *571 as a matter of law.” M.R.C.P. 56(c). The evidence is viewed in the light most favorable to the non-movant, who receives the benefit of all favorable inferences that may reasonably be drawn from the record. McMillan, 823 So.2d at 1176(¶ 9).
¶ 7. The movant has the burden to demonstrate that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Commercial Bank v. Hearn, 923 So.2d 202, 204(¶ 4) (Miss.2006) (citing M.R.C.P. 56). If the movant makes this demonstration, the non-movant, in order to avoid summary judgment, bears the burden to produce “probative evidence legally sufficient” to show that a genuine issue of material fact does exist. Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985).
DISCUSSION

1. Negligence

¶ 8. To prevail on a claim of negligence at trial, the plaintiff has the burden of proving (1) duty, (2) breach of duty, (3) causation, and (4) damages, by a preponderance of the evidence. Spoo v. T.L. Wallace Construction Co., 858 So.2d 199, 202(¶ 11) (Miss.App.2003) (citing Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993)).
¶ 9. The trial court granted Emergys-tat’s motion for summary judgment on Stricklin’s negligence claims because it found that no genuine issue of material fact existed as to whether Emergystat breached any duty or that Stricklin suffered any damage as the proximate result thereof. Specifically, the trial court found that Stricklin failed to put forth evidence that Emergystat breached its duty of care in maintaining its ambulance. Rudd v. Montgomery Elevator Co., 618 So.2d 68, 72 (Miss.1993) (“All things mechanical are subject to breakdown upon occasion even with the best of maintenance.”). The trial court also found that, under the circumstances, Emergystat’s actions in promptly dispatching a replacement ambulance within one minute were diligently performed and did not amount to a breach of duty. Ultimately, the trial court found that, even if there was evidence that Emergystat breached the standard of care, there was no evidence from which a reasonable juror could conclude that Emergystat’s actions or inactions caused or contributed to Stricklin’s loss of heart tissue.
¶ 10. Stricklin argues that the trial court erred and asserts that Emergystat breached the standard of care by failing to dispatch an ambulance with working air conditioning. To this end, Stricklin contends that the inoperative air conditioning is “a malfunction indicative of mechanical problems” and thus Emergystat breached the standard of care. by knowingly dispatching a vehicle in disrepair.
¶ 11. To create a fact issue for the jury, it was necessary for Stricklin to put forth evidence that Emergystat was “[negligent in its maintenance and repair of the [ambulance] and that this negligence caused it to malfunction that day.” Id. at 72. Voluminous maintenance records showed that Emergystat routinely maintained the vehicle—approximately every 5,000 miles. Additionally, Stricklin offers no evidence or explanation as to how an inoperative air conditioner may have caused the mechanical breakdown. In light of Emergystat’s diligent efforts to ensure the reliability of its vehicle, we find, as did the trial judge, that Stricklin failed to offer sufficient evidence from which a reasonable juror could conclude that Em-ergystat breached its duty of care in the maintenance of its ambulance or that the breakdown was caused by negligence on the part of Emergystat. This argument is without merit.
*572 ¶ 12. Stricklin argues that Emer-gystat breached its duty of care by leaving him alone and failing to utilize a heart monitor during the transport and breakdown. Emergystat’s records of Stricklin’s transport reveal that a heart monitor was used. Thus, there is a factual dispute as to whether or not a heart monitor was used. However, Stricklin provided no evidence that his health condition suffered in any way from the alleged failure to use a heart monitor, i.e., that Emergystat’s alleged inaction proximately resulted in any injury to him. Therefore, the resolution of the factual issue of whether a heart monitor was utilized by Emergystat is not outcome determinative, and thus not material. Sherrod v. United States Fidelity & Guaranty Co., 518 So.2d 640, 643 (Miss.1987) (A fact is material if its resolution could be outcome determinative of the applicable substantive claims or defenses raised in the pleadings). This argument is without merit.
¶ 13. Stricklin argues that Emergystat breached its duty of care by failing to dispatch the nearest ambulance to complete the transfer. However, there is no evidence in the record that there was another ambulance closer to the scene of the breakdown than the ambulance that Emer-gystat sent. This issue is without merit.
¶ 14. As to damages, Stricklin argues that the trial court erred in finding that he could not prove that his injuries were proximately caused by Emergystat’s delay. He asserts that the delay caused by Emer-gystat’s conduct, coupled with the excessive heat proximately contributed to the loss of viable heart tissue. We find that the evidence does not support Stricklin’s claim.
¶ 15. The evidence reflects that the damage to Stricklin’s heart occurred during the onset of his heart attack the night before. Emergystat attached the deposition of Stricklin’s treating physician, Dr. Johnson, to its motion for summary judgment. Dr. Johnson testified that although it was “possible” that the delay and the summer heat caused Stricklin to lose “myocytes, a single heart muscle cell, a very very small amount,” he testified to a reasonable degree of medical certainty that “the majority of the infarct ... occurs at the point of vessel occlusion the first few hours.” Based on Stricklin’s family history and his delay in initially presenting to the emergency room, Dr. Johnson testified that the damage to Stricklin’s heart occurred prior to his transfer from hospital to hospital. Dr. Johnson’s medical opinion was that the vessel occlusion occurred “around eight to ten o’clock the night prior to admission.” Accordingly, we find that the trial court correctly determined that the evidence was insufficient to support a jury finding that Stricklin’s injuries were proximately caused by Emergystat’s conduct. This issue is without merit.

2. Breach of Contract

¶ 16. In granting summary judgment, the trial court held that Stricklin’s claim for breach of contract failed because there was no written contract between Stricklin and Emergystat. On appeal, Stricklin argues that the trial court erred in this finding. Stricklin contends that a contract of carriage was established when he put himself in the care of Emergystat with the intention of becoming a passenger and was accepted by Emergystat. Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 920(1115) (Miss.2000) (citing Gulf, M. & N.R. Co. v. Bradley, 167 Miss. 603, 609, 142 So. 493, 494 (1932)). Stricklin argues that, as a common carrier, Emergystat was required to exercise “[t]he highest degree of care and diligence for the safety of its passengers.” Id. (citing Goodwin v. *573 Gulf Transp. Co., 453 So.2d 1035, 1036 (Miss.1984)).
¶ 17. In Anderson, the court explained that the passenger/common carrier relationship “[i]s dependant upon the existence of a contract of carriage, express or implied, between carrier and passenger, made by themselves or their respective agents; and this relation begins when a person puts himself in the care of the carrier or directly within its control with the bona fide intention of becoming a passenger and is accepted as such by the carrier.” Id.
¶ 18. To determine whether a contract of carriage exists between Emergystat and Stricklin would be an exercise of futility. Although the existence of a contract of carriage between Stricklin and Emergys-tat may give rise to a heightened duty of care, summary judgment would still be proper even if Emergystat were then held to this duty of care. As previously determined, Stricklin has made an insufficient showing of damages and the trial judge correctly found that no genuine issue of material fact exists as to damages. Therefore, we need not decide whether the common carrier relationship is applicable to the parties in the instant case.
¶ 19. It is elementary law that, in order to prevail on a claim of negligence, the plaintiff must prove not only that the defendant was negligent, but also that the defendant’s negligence proximately caused injury to the plaintiff. Rudd, 618 So.2d at 73. We find that Stricklin failed to provide evidence sufficient to enable a reasonable juror to conclude that Emergystat’s actions or inactions caused any injury to Stricklin. Summary judgment is properly granted where, as here, the non-movant fails to sufficiently establish an essential element of his case on which he bears the burden of proof at trial. Bullard v. Guardian Life Ins. Co. of America, 941 So.2d 812, 814(¶ 6) (Miss.2006). Although the transportation provided by Emergystat did not conform to ideal standards of timeliness and comfort, safe transportation to NMMC was nevertheless provided to Stricklin. Accordingly, we affirm the trial court’s entry of summary judgment in favor of Emergystat.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Stricklin alleged that Emergystat’s actions or inactions amounted to (1) negligence and gross negligence, (2) negligent hiring, training, supervision and retention, (3) vicarious liability, and (4) negligent infliction of emotional distress.